# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00635-CV

**Texas Racing Commission and Charla Ann King, Executive Director, Appellants**

**v.**

**Javier Marquez d/b/a J&M Racing and Farm, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-GN-09-001786, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Javier Marquez d/b/a J&M Racing and Farm (Marquez) owned two racehorses that ran in the same race in which one of his horses finished second. The horses, however, were inadvertently wearing each other's saddle cloth numbers in violation of commission rules, and the race stewards disqualified both horses and redistributed the race purse. *See* 16 Tex. Admin. Code § 313.406 (2011) (Tex. Racing Comm'n, Colors and Numbers). Marquez appealed the stewards' decision to appellant the Texas Racing Commission pursuant to the Texas Racing Act ("Act") and Commission rules. *See* Tex. Rev. Civ. Stat. Ann. art. 179e, § 3.08 (West 2010); 16 Tex. Admin. Code § 307.67 (2011) (Tex. Racing Comm'n, Appeal to the Commission).

After the Commission refused to consider his appeal, Marquez filed this suit against the Commission and appellant Charla Ann King, the Commission's executive director, seeking declarations pursuant to the Uniform Declaratory Judgments Act (UDJA) and section 2001.038 of

the Administrative Procedure Act (APA). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2008); Tex. Gov't Code Ann. § 2001.038 (West 2008). Following a hearing, the trial court denied Marquez's request for declaratory relief pursuant to the APA but entered judgment in his favor pursuant to the UDJA. The trial court declared that the director acted in excess of her statutory authority by refusing to allow Marquez to appeal the stewards' decision, by disqualifying Marquez's horses, and by redistributing the race purse. The court also ordered the second place purse distributed to Marquez and awarded attorney's fees.

On appeal, appellants contend that the trial court lacked jurisdiction over Marquez's claims for declaratory relief and that the trial court erred in awarding attorney's fees. For the reasons that follow, we affirm the trial court's judgment in part and vacate and dismiss in part for lack of subject matter jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Racing Act and Commission Rules*

The legislature has delegated the operation and management of the horse racing industry to the Commission, including the authority to adopt rules necessary to administer the Act. *See* Tex. Rev. Civ. Stat. Ann. art. 179e, §§ 1.02, 3.02(a) (West 2010). The Commission is required to employ an executive director who administers the programs of the Commission and has all powers that are necessary for such administration. *See id*. § 2.12(a); 16 Tex. Admin. Code § 303.8 (2011) (Tex. Racing Comm'n, Executive Secretary). The legislature also has provided for the hiring of stewards to supervise horse races. *See* Tex. Rev. Civ. Stat. Ann. art. 179e, § 3.07(a) (West 2010); *see also id*. § 1.03(35) (West 2010) ("stewards" defined). The statute provides that stewards' final

2

decisions are appealable to the Commission except as to two types of decisions: "[a] decision of the stewards . . . on a disqualification for a foul in a race or on a finding of fact regarding the running of a race." *See* Tex. Rev. Civ. Stat. Ann. art. 179e, § 3.08.[1]

The commission rules further set forth the stewards' duties, the right to appeal stewards' rulings, and the procedures for the filing of an appeal and the subsequent hearing. The stewards' general duties include the supervision of horse races and interpretation and enforcement of the Act and commission rules:

(a)     In addition to the other duties described in these Rules, the stewards have the general authority and supervision over the conduct of each race and all licensees at a racetrack during a race meeting. If a question arises during a race meeting regarding the operations of a racetrack or the conduct of racing that is not covered by the Act or the Rules, the stewards shall resolve the question in conformity with custom, precedent, justice, and the best interest of racing.

(b)     The stewards are authorized to:

(1)     interpret and enforce the Act and the Rules and to determine all questions, disputes, complaints, or objections relating to racing matters in accordance with the applicable laws, taking into

---

[1] Section 3.08 provides:

(a)     Except as provided by Subsection (b) of this section, a final decision of the stewards or judges may be appealed to the commission in the manner provided for a contested case under the Administrative Procedure and Texas Register Act (Article 6252-13a, Vernon's Texas Civil Statutes).

(b)     A decision of the stewards or judges on a disqualification for a foul in a race or on a finding of fact regarding the running of a race is final and may not be appealed.

Tex. Rev. Civ. Stat. Ann. art. 179e, § 3.08 (West 2010).

> consideration such factors as, but not limited to, custom, precedent, justice, and the best interest of racing; . . .
>
> (2)　　issue rulings, . . . .

16 Tex. Admin. Code § 313.22 (2011) (Tex. Racing Comm'n, General Duties of Stewards).

The rules provide that "[a] person aggrieved by a ruling of the stewards . . . may appeal to the Commission," and that a hearing on such an appeal "is a contested case and shall be conducted by SOAH in accordance with the Rules regarding contested cases." *See id*. § 307.67(a), (c); *see also id*. § 307.3(a) (2011) (Tex. Racing Comm'n, Types of Proceedings) ("Examples of contested case proceedings are an administrative penalty issued by the executive secretary and an appeal from a stewards' . . . ruling."), §§ 307.31-.39 (2011) (Tex. Racing Comm'n, Contested Cases) (describing procedure for administrative appeal, referral of contested case to SOAH, and suit for judicial review). The director's duties include docketing appeals of stewards' rulings and referring them to SOAH as contested case proceedings:

> (a)　　Docketing. When a pleading to institute a contested case proceeding before the Commission is received, and it complies with the Rules as to form and content, the executive secretary shall docket the proceeding as pending, numbered in accordance with the docket numbering system of the Commission.
>
> . . . .
>
> (c)　　Referral to SOAH. If after a reasonable time the proceeding cannot be settled through agreement, the executive secretary shall refer the matter to SOAH.

*Id*. § 307.31. With this background, we turn to the parties' dispute.

4

*The Parties' Controversy*

The parties stipulated to the underlying facts. Two of Marquez's horses inadvertently raced in the same race wearing the other's saddle cloth number, a violation of commission rules. *See* 16 Tex. Admin. Code § 313.406 ("A horse starting in a race must carry a conspicuous saddle cloth number . . . corresponding to its number in the official program."). One of the horses finished second, but based upon the rule violation, the stewards disqualified the horses and ordered the race purse redistributed accordingly. Pursuant to the Act and corresponding commission rule, Marquez filed an appeal of the stewards' decision with the Commission three days later. *See* Tex. Rev. Civ. Stat. Ann. art. 179e, § 3.08; 16 Tex. Admin. Code § 307.67. Based upon section 3.08(b) of the Act, the Commission, however, determined that Marquez was not entitled to appeal the stewards' decision and refused the appeal.[2] *See* Tex. Rev. Civ. Stat. Ann. art. 179e, § 3.08(b). The Commission determined that Marquez was not entitled to appeal the decision on the ground that the decision was a finding of fact regarding the running of the race. *See id.*[3]

---

[2] In contrast, the same factual allegations formed the basis of the stewards' decision to assess penalties against the trainer of Marquez's horses, and the trainer was given an opportunity for a hearing before the stewards and an opportunity to appeal the stewards' decision to the Commission. *See* Tex. Rev. Civ. Stat. Ann. art. 179e, § 3.07(b) (West 2010). Section 3.07(b) of the Act requires the Commission to "make rules specifying the authority and the duties of each official, including the power of stewards . . . to impose penalties for . . . violations of racing rules," and requires stewards to conduct a hearing "consistent with constitutional due process" before imposing a penalty under the subsection. *See id.*

[3] Appellants concede that wearing the wrong saddle cloth number is not a "foul." *See id.* § 3.08(b) (excepting from appeal "decision of the stewards . . . on a disqualification for a foul"); 16 Tex. Admin. Code § 301.1(b)(27) (2011) (Tex. Racing Comm'n, Definitions) ("foul" means "an action by a horse or jockey that hinders or interferes with another horse or jockey during the running of a race").

Marquez thereafter filed this suit against the Commission and its director, in her official capacity, complaining of the denial of an administrative appeal, the disqualification of his horses, and the redistribution of the race purse. Among his requests for relief, he sought declarations under the UDJA that he had "a right to appeal the decision of the stewards to disqualify his horses" and that "the Commission and the stewards were acting in excess of their statutory authority by disqualifying [Marquez's] horse and redistributing the purse." He also sought a declaration under section 2001.038 of the APA that "the Commission's decision [to impose disqualification and loss of purse] constitutes the application of an invalid rule." Marquez further sought attorney's fees.

Appellants answered and filed a plea to the jurisdiction asserting that the trial court lacked jurisdiction over Marquez's UDJA claims because they were duplicative of the relief he was entitled to seek under the APA. After a hearing, the trial court entered an agreed order dismissing Marquez's UDJA claims against the Commission. The trial court further denied Marquez relief pursuant to section 2001.038 of the APA, concluding that the challenged actions did not constitute a "rule" under the APA. *See* Tex. Gov't Code Ann. §§ 2001.003(6) (West 2008),[4] .038. The trial

---

[4] Section 2001.003(6) of the government code provides that a "rule":

(A)    means a state agency statement of general applicability that:

    (i)    implements, interprets, or prescribes law or policy; or
    (ii)   describes the procedure or practice requirements of a state agency;

(B)    includes the amendment or repeal of a prior rule; and

(C)    does not include a statement regarding only the internal management or organization of a state agency and not affecting private rights or procedures.

Tex. Gov't Code Ann. § 2001.003(6) (West 2008). Marquez has not appealed the trial court's

court, however, denied appellants' plea to the jurisdiction as to the UDJA claims against the director and granted judgment against the director pursuant to the UDJA, including awarding Marquez attorney's fees. The trial court declared that the director "acted in excess of her statutory authority by refusing to allow" Marquez's appeal to the Commission under section 3.08 of the Act and that "[t]he decision to disqualify [Marquez's horses] . . . , and to redistribute the second place purse, exceeded the statutory authority of [the director]." The court further ordered the director "to direct the horsemen's bookkeeper to distribute the second place purse to [Marquez]." This appeal followed.

## ANALYSIS

In three issues, appellants assert that the trial court lacked subject matter jurisdiction over Marquez's UDJA claims against the director and that, therefore, the trial court also erred in awarding attorney's fees. Appellants challenge the trial court's jurisdiction to declare that the director acted in excess of her statutory authority by refusing to allow Marquez to appeal the stewards' decision under section 3.08 of the Act, by disqualifying his horses, and by redistributing the second place purse.

### *Standard of Review*

Appellants' issues address the trial court's jurisdiction to consider Marquez's UDJA claims and matters of statutory construction. Whether a court has subject matter jurisdiction is a question of law, which we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*,

ruling that the challenged actions did not constitute a "rule" under the APA. *See id.*

7

133 S.W.3d 217, 226 (Tex. 2004). To establish a trial court's subject matter jurisdiction to grant

relief under the UDJA, a party must plead the existence of an "underlying controversy" within the

scope of section 37.004 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code

Ann. § 37.004(a);[5] *Strayhorn v. Raytheon E-Sys., Inc.*, 101 S.W.3d 558, 572 (Tex. App.—Austin

2003, pet. denied). The UDJA, however,"does not enlarge a trial court's jurisdiction, and a litigant's

request for declaratory relief does not alter a suit's underlying nature." *City of El Paso v. Heinrich,*

284 S.W.3d 366, 370 (Tex. 2009).

We also review matters of statutory construction de novo. *See Texas Mun. Power*

*Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007). Of primary concern is the

express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863,

867 (Tex. 2009). We apply the plain meaning of the text unless a different meaning is supplied by

legislative definition or is apparent from the context or the plain meaning leads to absurd results.

*Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010). We consider the entire act,

not isolated portions. *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008). Further, an

administrative agency's "interpretation of a statute it is charged with enforcing is entitled to 'serious

consideration,' so long as the construction is reasonable and does not conflict with the statute's

---

[5] Section 37.004(a) provides in relevant part:

> A person . . . whose rights, status, or other legal relations are affected by a statute . . .
> may have determined any question of construction or validity arising under the . . .
> statute . . . and obtain a declaration of rights, status, or other legal relations
> thereunder.

Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 2008).

language." *Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011).

### Denial of Administrative Appeal

In their first issue, appellants contend, based upon the doctrine of sovereign immunity, that the trial court lacked jurisdiction to declare that the director exceeded her statutory authority when she denied Marquez an administrative appeal. "Generally, a suit challenging a specific administrative order implicates sovereign immunity because it seeks to control state action—it seeks to restrain the State or its officials in the exercise of discretionary statutory or constitutional authority." *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 514 (Tex. App.—Austin 2010, no pet.) (citing *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004)). Ultra vires suits, however, "to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity." *See Heinrich*, 284 S.W.3d at 372.[6] "To fall within [the] *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). The issue then is whether

---

[6] As previously noted, Marquez also asserted claims pursuant to section 2001.038 of the APA, but the trial court did not grant him relief pursuant to the APA, and Marquez has not appealed the trial court's judgment.

Marquez alleged and proved a valid ultra vires claim against the director concerning his right to an administrative appeal.

The director refused Marquez's administrative appeal of the stewards' decision on the sole ground that the stewards' decision was final and not appealable under section 3.08(b) of the Act because it was a "decision . . . on a finding of fact regarding the running of a race." *See* Tex. Rev. Civ. Stat. Ann. art. 179e, § 3.08. Appellants urge that, when properly interpreted, the Act precluded the Commission from reviewing the stewards' race-time decision to disqualify Marquez's horse for a rule violation and, therefore, that the director acted well within her legal authority to deny Marquez an administrative appeal on this ground and that the trial court lacked jurisdiction to conclude otherwise. *See id*.

Appellants, however, concede that disqualification for wearing the wrong saddle cloth number is not a "disqualification for a foul," and the express language of section 3.08(b) makes clear that a decision "on a disqualification for a foul" is not the same as a decision "on a finding of fact regarding the running of a race." *See id*. If they were the same, there would be no need for the express exclusion of both. By expressly excluding a decision on a "disqualification for a foul" from appeal then, the Act impliedly makes other decisions on disqualification appealable. *See Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010) (courts "give meaning to the language consistent with other provisions in the statute"). Based upon the statute's plain language, appellants' interpretation of section 3.08(b) is not reasonable and contradicts the express provision generally allowing aggrieved parties the right to appeal stewards' decisions except for specifically identified types of decisions. *See* Tex. Rev. Civ. Stat. Ann. art. 179e, § 3.08; *Marks*, 319 S.W.3d at 663.

10

We also note that corresponding commission rules are consistent with the statutory right to appeal stewards' decisions to disqualify for rule violations other than fouls. The rules expressly require the director to docket appeals of stewards' rulings and refer them to SOAH as contested case proceedings. *See* 16 Tex. Admin. Code §§ 307.3, .31-.39; *Anderson*, 806 S.W.2d at 793. The commission rules do not grant the director discretion: When an appeal complies with the rules as to form and content, the director must docket the appeal and refer the matter to SOAH. *See* Tex. Admin. Code § 307.31; *see also* Tex. Gov't Code Ann. § 311.016(2) (West 2005) ("'Shall' imposes a duty.").

We conclude that Marquez's request for declaratory relief pursuant to the UDJA—that the director acted in excess of her authority by refusing to allow Marquez an administrative appeal under section 3.08 of the Act—falls within the ultra vires exception to sovereign immunity. *See Heinrich*, 284 S.W.3d at 373. Based upon the statute's plain language then, the trial court did not err by declaring that the director "acted in excess of her statutory authority by refusing to allow [Marquez] to appeal the stewards' decision . . . under Section 3.08 of the Racing Act." *See* Tex. Rev. Civ. Stat. Ann. art. 179e, § 3.08; *Railroad Comm'n*, 336 S.W.3d at 624. We overrule appellants' first issue.[7]

---

[7] Marquez also relied upon section 3.07 of the Act to support his right to a hearing "consistent with constitutional due process." *See* Tex. Rev. Civ. Stat. Ann. art. 179e, § 3.07(b). The parties join issue as to whether the disqualification of his horses and purse redistribution was a "penalty" subject to the hearing requirements of section 3.07(b). *See id*. Because we conclude that Marquez was entitled to an administrative appeal from the stewards' decision under section 3.08, we do not address whether section 3.07 also would entitle him to an administrative hearing. *See* Tex. R. Civ. P. 47.1.

***Disqualification of Horse and Purse Redistribution***

In their second issue, appellants contend that the trial court did not have jurisdiction to declare that the director lacked authority to disqualify Marquez's horses for the rule violation or to redistribute the second place purse. Appellants contend, among other arguments, that, if the disqualification of Marquez's horses were appealable pursuant to section 3.08(a) of the Act, then Marquez would have to exhaust his administrative remedies before any court would have jurisdiction over the merits of his administrative appeal.

Marquez counters that the trial court had jurisdiction to declare that the director exceeded her statutory authority by disqualifying his horses and redistributing the second place purse because the Act does not authorize disqualification for commission rule violations except for "fouls" or the "use of unauthorized devices or substances." *See* Tex. Rev. Civ. Stat. Ann. art. 179e, §§ 3.08, .16 (West 2010).[8] He argues that whether the director had authority under the Act is a question of statutory construction subject to de novo review so that, even in the event of an administrative appeal, the trial court would review the director's authority under the statute de novo. *See Texas Mun. Power Agency*, 253 S.W.3d at 192; *see also* Tex. Gov't Code Ann. § 2001.173 (West 2008) (de novo standard of review defined). He further urges that these ultra vires claims are not dependent on whether he has an administrative remedy and that any administrative remedies available to him are moot because the trial court's finding that "such disqualification could not be

---

[8] Section 3.16 of the Act addresses unlawful influences on racing, including "the use of a prohibited device or prohibited substance at a racetrack or training facility." Tex. Rev. Civ. Stat. Ann. art. 179e, § 3.16 (West 2010). Section 3.16(c) provides that a steward "may also disqualify an animal as provided by a commission rule adopted under this section." *Id*. § 3.16(c).

affirmed should Plaintiff now be allowed an appeal" is controlling and obviates the need for an administrative appeal.

If an agency has exclusive jurisdiction to resolve a dispute, a party must first exhaust administrative remedies before a trial court has subject matter jurisdiction. *In re Southwestern Bell Tel. Co., L.P.*, 235 S.W.3d 619, 624-25 (Tex. 2007); *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) ("Typically, if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action."). Whether an agency has exclusive jurisdiction is a matter of law that we review de novo. *Subaru of Am.*, 84 S.W.3d at 222. An agency has exclusive jurisdiction when a pervasive regulatory scheme indicates that the Legislature intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed. *Id*. at 221. Further, when a statute provides an avenue for attacking a final agency order, a declaratory judgment action directed at that order will not lie to provide redundant remedies. *See Strayhorn*, 101 S.W.3d at 572; *Beacon Nat'l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 267 (Tex. App.—Austin 2002, no pet.) (quoting *Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.*, 974 S.W.2d 906, 911 (Tex. App.—Austin 1998, pet. denied)); *Ben Robinson Co. v. Texas Workers' Comp. Comm'n*, 934 S.W.2d 149, 153 (Tex. App.—Austin 1996, writ denied).

The legislature has expressly authorized the Commission to regulate the racing industry and provided aggrieved parties an avenue for appealing stewards' decisions, including a contested case hearing subject to judicial review pursuant to the APA. Tex. Rev. Civ. Stat. Ann. art. 179e, §§ 3.02, 3.08 (West 2010); 16 Tex. Admin. Code §§ 307.31-.39. In an appeal from a contested

13

case under the APA, courts are constrained by the substantial evidence standard of review, generally may not reverse and render but may reverse and remand for further proceedings, and may not award attorney's fees. *See* Tex. Gov't Code Ann. § 2001.174 (West 2008). In this context and given our conclusion that the director exceeded her authority by denying Marquez an administrative appeal, we conclude that the trial court lacked subject matter jurisdiction to make further rulings on the merits of the stewards' decision until Marquez exhausts his administrative remedies. *See Subaru of Am.*, 84 S.W.3d at 221-22; *Montemayor*, 86 S.W.3d at 267. On this basis, we sustain appellants' second issue.

### *Attorney's Fees*

In their third issue, appellants contend that the award of attorney's fees under the UDJA must be reversed in the event that this Court concludes that the trial court lacked jurisdiction over Marquez's requests for declaratory relief. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 ("[T]he court may award costs and reasonable and necessary attorney's fees as are equitable and just."). We review attorney's fees awarded pursuant to the UDJA under an abuse of discretion standard, and the trial court's award will not be reversed on appeal absent a clear showing that the court abused its discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex. 1985). A trial court abuses its discretion when it acts unreasonably or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

The trial court awarded Marquez attorney's fees of $33,775 plus contingent fees in the event of appeal, but it also allocated the amount of the attorney's fees between Marquez's

requests for declaratory relief and ordered a reduced award in the event that this Court finds that Marquez is entitled to declaratory relief concerning his right to an administrative appeal but not as to the disqualification of his horses and purse redistribution. In that event, the trial court ordered that Marquez recover attorney's fees of $16,887.50 plus contingent attorney's fees in the event of appeal. Appellants do not challenge the amount of the award or the allocation of attorney's fees between Marquez's requests for declaratory relief. Given our conclusions concerning Marquez's requests for declaratory relief, we affirm the trial court's alternative award of attorney's fees in the amount of $16,887.50 plus contingent attorney's fees in the event of an appeal. We overrule appellants' third issue.

## CONCLUSION

Because we conclude that the director exceeded her authority by denying Marquez an administrative appeal and that the trial court, therefore, did not have subject matter jurisdiction to further consider the merits of Marquez's appeal to the Commission until Marquez exhausts his administrative remedies, we vacate and dismiss the portions of the judgment in which the trial court declares that the decision to disqualify Marquez's horses and redistribute the second place purse exceeded the statutory authority of the director and orders the purse distributed to Marquez. We affirm the trial court's alternative award of attorney's fees and the judgment in all other respects.

15

_____

Melissa Goodwin, Justice

Before Justices Puryear, Henson and Goodwin

Affirmed in Part; Vacated and Dismissed in Part

Filed:   August 19, 2011