# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00009-CV

**Antonio Labrado, Jr. d/b/a Sunset Enterprises, Appellant**

**v.**

**The University of Texas at El Paso, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
NO. D-1-GN-09-001296, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In this accelerated appeal from an order granting a plea to the jurisdiction, Antonio Labrado, Jr. d/b/a Sunset Enterprises (collectively Sunset) asserts that The University of Texas at El Paso (UTEP), a governmental entity, waived its sovereign immunity from suit. Sunset asserts that UTEP waived its immunity expressly through contract language or by its conduct by accepting the benefits of the contract and omitting a statutorily required notice provision regarding a mandatory administrative dispute resolution process. Based on this record and controlling authority, we conclude that neither the contract's express language nor a "waiver-by-conduct" exception waive UTEP's immunity to suit on the parties' contract, and we will affirm the district court's order granting UTEP's plea to the jurisdiction.

## FACTUAL BACKGROUND

Sunset entered into a contract with UTEP in 2003 to provide shuttle bus services to UTEP for a five-year term. The parties amended the contract multiple times over the next several years. The "revised sixth amendment" to the contract in July of 2006 extended the term by three years, required Sunset to upgrade its fleet capacity, and provided that either party could cancel the contract without cause on 90 days' written notice. Sunset alleges that it notified UTEP a few months later of its intent to cancel the contract, but withdrew that notice in October of 2006 after UTEP assured Sunset of an adequate period to recoup its costs from improving its fleet. Sunset argues that its continued operation under the contract's terms, based on these alleged assurances and without demanding reimbursement of its unamortized capital expenditures, was a novation of the parties' agreement that eliminated UTEP's right to terminate the contract without cause. Between late 2006 and early 2007, Sunset states that it purchased a GPS system at UTEP's insistence and three additional vehicles. On May 1, 2007, UTEP gave written notice to Sunset of UTEP's intent to terminate the contract effective that August.

Sunset sued UTEP on April 21, 2009 for breach of contract, fraud, and fraud in the inducement. Sunset also sought declarations that (1) UTEP waived any sovereign immunity defense to Sunset's claims and (2) UTEP forfeited its contractual right to cancel the contract without cause because of Sunset's actions in reliance on UTEP's assurances of an adequate period for recoupment of capital expenditures. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2008) (Uniform Declaratory Judgments Act). UTEP filed an original and then an amended plea to the jurisdiction asserting its sovereign immunity from Sunset's suit.[1] Sunset filed a response

---

[1] The clerk's record does not contain UTEP's original plea to the jurisdiction.

to the plea and a second amended petition seeking to reform the contract to include notice of a mandatory contract-dispute resolution process, *see* Tex. Gov't Code Ann. §§ 2260.001-.108 (West 2008), and to allow Sunset to pursue that administrative process. The district court signed an order granting the plea and dismissing Sunset's causes of action against UTEP with prejudice, which Sunset now appeals.[2]

## ANALYSIS

**Standard of review and sovereign immunity**

Sovereign immunity consists of two principles: immunity from suit and immunity from liability. *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Immunity from suit bars suit against the State if the Legislature has not expressly consented to the suit. *Id*. Immunity from liability protects the State from money judgments even when the Legislature has expressly provided consent to sue. *Id*.

The State waives immunity from liability—but not immunity from suit—by contracting with a private party. *Id*. at 854. Historically, a private party seeking to sue the State

---

[2] After filing this appeal, Sunset attempted to avail itself of the administrative dispute process before the State Office of Administrative Hearings. Sunset's SOAH filing was treated as its notice of claim to UTEP. *See* Tex. Gov't Code Ann. § 2260.051(b) (West 2008). UTEP filed a plea to the jurisdiction, arguing that Sunset had not provided timely notice of its claim to UTEP. *See id*. (establishing 180-day deadline for written notice of breach-of-contract claim to governmental unit). The administrative law judge attempted to craft an equitable remedy for UTEP's failure to include in Sunset's contract the statutorily required notice provision about the dispute-resolution process, finding that Sunset was entitled to tolling of its notice-of-claim deadline. However, the ALJ granted UTEP's plea, reasoning that Sunset's notice of claim to UTEP was untimely, even if the 180-day period were tolled and did not begin running until the date that Sunset filed its response to UTEP's amended plea to the jurisdiction—a date by which Sunset was undoubtedly aware of the dispute-resolution process in chapter 2260. The ALJ subsequently denied Sunset's motion for rehearing.

3

for breach of contract was limited to obtaining a legislative resolution authorizing the suit. *Id.*; *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 107.001-.005 (West 2011). In 1999, the Legislature added to the government code an administrative dispute-resolution process that a private party must use before filing suit against the State for breach of a contract for goods or services. *IT-Davy*, 74 S.W.3d 854; *see* Act of May 30, 1999, 76th Leg., R.S., ch. 1352, § 9, 1999 Tex. Gen. Laws 4578, 4583-4588 (codified at Tex. Gov't Code Ann. §§ 2260.001-.108).[3] State contracts that are subject to chapter 2260 are required by that section to include a provision referencing the dispute-resolution process. Tex. Gov't Code Ann. § 2260.004(a). UTEP's omission of that notice from the parties' contract and the effect of that omission on UTEP's immunity from suit are the crux of the parties' dispute.

Sovereign immunity from suit may be raised in a plea to the jurisdiction, which challenges a trial court's authority to determine the subject matter of a cause of action. *Hawkins v. El Paso First Health Plans, Inc.*, 214 S.W.3d 709, 716 (Tex. App.—Austin 2007, no pet.). We review a trial court's order granting a plea to the jurisdiction de novo. *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010).

In three issues, Sunset argues that UTEP waived its sovereign immunity from suit by express waiver and waiver by conduct. Sunset asserts that UTEP's inclusion of certain language in the contract constituted an "express waiver" and that UTEP waived its sovereign immunity through

---

[3] Although neither exception applies here, we note that the chapter 2260 process is inapplicable to contracts that were executed or awarded on or before August 30, 1999, and to personal injury or wrongful death claims arising from the breach of a contract. *See id*. § 2260.002 (West 2008).

its conduct in omitting from the contract a statutorily required notice provision, coupled with its acceptance of the contract's benefits. We address these arguments in turn.

**Express waiver**

Sunset contends that the parties' contract clearly, unambiguously, and expressly waives UTEP's immunity from suit. Sunset bases this argument on language in the contract that makes the agreement mutually binding and restricts any action arising under the contract to a Travis County court:

> This contract shall be binding on the parties hereto, their successors and assignees. . . . This contract shall be construed and performed in accordance with the laws of the State of Texas and any action arising hereunder shall be brought in a court of competent jurisdiction in Travis County, Texas.[4]

For a governmental unit to expressly waive sovereign immunity from suit, there must be a clear and unambiguous waiver of sovereign immunity by the Legislature. *See IT-Davy*, 74 S.W.3d at 854. The language that Sunset relies on is not a clear and unambiguous waiver of sovereign immunity, nor is it being done by the *Legislature*. Only the Legislature, not contracting parties, may waive a governmental unit's immunity. *See id.* at 857-58 (rejecting argument that administrative agent could waive agency's sovereign immunity from suit by agreeing to contractual terms such as arbitration or litigation of claims); *see also Tooke v. City of Mexia*, 197 S.W.3d 325, 342-43 (Tex. 2006) (holding that phrases such as "plead and be impleaded" did not constitute waiver

---

[4] While none of the contracts were contained in the clerk's record, the parties do not dispute the inclusion of this contract term.

5

of sovereign immunity).  Because the contract language does not create an independent, express waiver of UTEP's immunity from suit, we overrule this issue.

**Waiver by conduct**

Sunset further argues that UTEP waived its immunity by its conduct, to wit: (1) entering into a contract with Sunset and accepting the contract's benefits, (2) agreeing to a provision making the contract binding on both parties and a provision which Sunset argues provided for judicial resolution of disputes, and (3) omitting the statutorily required notice provision regarding the chapter 2260 dispute-resolution process.  Sunset acknowledges that these actions, if taken separately, would not rise to the level of waiving UTEP's immunity from suit.  However, Sunset contends that UTEP's actions in combination—particularly its noncompliance with the required contractual notice of the administrative dispute-resolution process in chapter 2260—arise to a waiver by conduct of UTEP's immunity.

The "waiver-by-conduct" exception to immunity from suit has not been embraced by Texas courts.  *See Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 408 n.1 (Tex. 1997).  The concept of waiver-by-conduct stems from a footnote in the *Federal Sign* case, in which the Texas Supreme Court suggested that "[t]here may be circumstances where the State may waive its immunity by conduct other than simply executing a contract so that it is not always immune from suit when it contracts."  *Id*.; *see also Tooke*, 197 S.W.3d at 343 (quoting *Federal Sign* footnote); *IT-Davy*, 74 S.W.3d at 862 (Hecht, J., concurring) ("I cannot absolutely foreclose the possibility that the State may waive immunity in some circumstances other than by statute.").  The supreme court has yet to find a particular circumstance supporting the waiver-by-conduct

6

exception to sovereign immunity that it alluded to in *Federal Sign*, and we decline to do so on the record before us.[5]

Sunset relies on a line of cases discussed in *General Services Commission v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 595 (Tex. 2001), in support of its assertion that UTEP's acceptance of benefits under the contract waived its immunity from suit. However, as UTEP correctly notes, the court in *Little-Tex* distanced itself from the *Federal Sign* waiver-by-conduct possibility and avoided finding waiver by conduct, noting that Federal Sign predated the chapter 2260 dispute resolution process that now applies to breach-of-contract cases against the State:

> We recognize that language in *Federal Sign* may justify this result [a finding of waiver by conduct]. However, regardless of what we might have held in such a case had it come before the Court in 1997, the situation has changed. After *Federal Sign*, the Legislature enacted a dispute-resolution process to resolve certain breach-of-contract cases against the State. Historically, we have left to the Legislature whether to waive sovereign immunity. Today we once again adhere to this principle and defer to the Legislature.

*Id.* (internal citations omitted). *Little-Tex* clarifies that "the State does not waive its immunity from a breach-of-contract action by accepting the benefits of a contract." *Id.* at 598. Thus, Sunset's

---

[5] One appellate court applied the waiver-by-conduct exception to "extraordinary factual circumstances" in which the governmental unit induced a private party into a contract with promises, including a letter from its general counsel that the contract would be valid and enforceable, and then disclaimed any obligation for $13 million in equipment and services that it received by declaring that the contract was not valid after all. *Texas S. Univ. v. State St. Bank & Trust Co.*, 212 S.W.3d 893, 908 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (distinguishing supreme court precedents because "[n]either case involved a situation in which a contract had been fully performed and the State refused to pay anything."). Sunset does not contend that this case parallels the "extraordinary factual circumstances" presented in *State Street*, nor do these facts appear to support such a contention; further, we do not have discretion to recognize the underlying exception to sovereign immunity in the absence of supreme court authority.

7

contention that UTEP waived its immunity from suit by accepting the benefits of the parties' contract is unpersuasive, and we overrule this issue.

Sunset also argues for waiver-by-conduct based on UTEP's failure to include a statutorily required notice provision in the parties' contract. Specifically, section 2260.004(a) of the government code provides:

> Each unit of state government that enters into a contract to which this chapter applies shall include as a term of the contract a provision stating that the dispute resolution process used by the unit of state government under this chapter must be used to attempt to resolve a dispute arising under the contract.

Tex. Gov't Code Ann. § 2260.004(a). While the government code states that this term "shall" be included, it does not specify any consequences for failing to do so. At the outset, we note that the Legislature could have explicitly specified the consequence of failing to include this notice. *See Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 962 (Tex. 1999) (per curiam) (noting fact that Legislature could have but did not provide consequence for noncompliance with statute "suggests that it chose not to do so"). For example, the Legislature could have provided that failure to include the provision would result in a waiver of sovereign immunity—but it did not. Further, the plain language of another section in the same statute specifies that "[t]his chapter does not waive sovereign immunity to suit or liability." Tex. Gov't Code Ann. § 2260.006. Thus, although the statute is silent as to the appropriate sanction for omission of the notice, it seems to foreclose the waiver of sovereign immunity as a sanction for failing to include the dispute resolution language. In the absence of authority directing the application of waiver-by-conduct to these facts, we must

8

conclude that the Legislature did not intend to waive sovereign immunity from suit as a sanction for failing to include the notice required by chapter 2260.

We may not recognize a waiver of immunity from suit that does not emanate from the Legislature in clear and unambiguous language. *Tooke*, 197 S.W.3d at 332-33; *Little-Tex*, 39 S.W.3d at 597 (deferring to Legislature for waiver of sovereign immunity and "refus[ing] to intercede, in light of the Legislature's enactment of Chapter 2260, by judicially adopting a waiver-by-conduct doctrine"); *see also City of Alton v. Sharyland Water Supply Corp.*, No. 09-0223, 2011 Tex. LEXIS 805, at *15-16 (Tex. Oct. 21, 2011) ("[W]e reject the invitation to recognize a waiver-by-conduct exception in a breach-of-contract suit against a governmental entity."). We therefore overrule this issue.

**Uniform Declaratory Judgments Act claims**

Having determined that UTEP's actions did not constitute an express waiver or waiver by conduct of UTEP's sovereign immunity from suit, we consider whether Sunset's requested declarations did not implicate UTEP's sovereign immunity.

The purpose of the UDJA is to assist parties in settling uncertainties about their legal rights. Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b). Under the UDJA:

> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

*Id*. § 37.004(a).

9

Certain declaratory judgment actions that do not implicate sovereign immunity are permissible; for example, suits to compel state officers to act within their official capacity do not attempt to subject the State to liability and are not considered "suits against the State." *IT-Davy*, 74 S.W.3d at 855. Sunset's requested declarations—that UTEP waived its sovereign immunity and that UTEP forfeited its contractual right to cancel the contract without cause—do not fall within that category because they sought to establish Sunset's breach-of-contract claim and to impose liability against UTEP. *See id*. at 855-56, 860 (concluding that private contractor was seeking declaratory judgment only to have trial court decide breach-of-contract claim). We conclude that Sunset's requested declarations were an impermissible attempt to circumvent UTEP's sovereign immunity from suit. *See id*. at 859.

After considering all of Sunset's issues, we conclude that UTEP's actions did not constitute an express waiver or waiver by conduct of its sovereign immunity from suit. Because Sunset's suit is barred by sovereign immunity, the district court properly granted UTEP's plea to the jurisdiction.

## CONCLUSION

Having overruled all of Sunset's issues, we affirm the order of the district court.

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   January 5, 2012

10