

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00523-CV

Carmella **GUERRERO**,
Appellant

v.

**BEXAR COUNTY CIVIL SERVICE COMMISSION**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-08758
The Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:　Catherine Stone, Chief Justice

Sitting:　　Catherine Stone, Chief Justice
　　　　　Sandee Bryan Marion, Justice
　　　　　Steven C. Hilbig, Justice

Delivered and Filed:　December 28, 2012

REVERSED AND REMANDED

This is an accelerated appeal of the trial court's order granting the Bexar County Civil Service Commission's plea to the jurisdiction. Carmella Guerrero contends the trial court erred in granting the plea because she is appealing her demotion pursuant to section 158.012 of the Texas Local Government Code ("Code"). We sustain Guerrero's contention and reverse the trial court's order.

### BACKGROUND

In December of 2010, Guerrero was demoted by her supervisor from her position as IT Services Manager to Technology Business Analyst.  The IT Services Manager position was classified as an E-11 position with a salary of $80,616.00, while the Technology Business Analyst position is classified as an E-5 position with a salary of $58,140.00.  Guerrero filed an appeal of her demotion with the Commission in 2010.

On October 1, 2011, before the Commission reached a decision, a new county budget was adopted that eliminated the IT Services Manager position along with fifteen other positions in the IT department.  On April 26, 2012, the Commission issued its ruling.  The Commission's order stated that Guerrero's demotion was overturned and granted Guerrero back pay and benefits for the difference in pay at the rate of pay when she was demoted until the IT Services Manager position was eliminated in the budget on October 1, 2011.  The Commission's order also stated that Guerrero would remain in her current position as Technology Business Analyst at her current salary.

Pursuant to section 158.012 of the Code, Guerrero appealed the Commission's decision by filing a petition in the trial court.  The Commission filed a plea to the jurisdiction, asserting that Guerrero was not entitled to appeal from a victory that overturned her demotion and awarded her all relief available.  Guerrero responded that the order keeps the demotion in place by not reinstating her to her former position.  The trial court granted the Commission's plea.

### STANDARD OF REVIEW

"Whether a court has subject matter jurisdiction is a question of law."  *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).  "Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed *de novo*."  *Id*.  "Likewise, whether undisputed evidence of jurisdictional facts

establishes a trial court's jurisdiction is also a question of law." *Id*. "However, in some cases, disputed evidence of jurisdictional facts that also implicate the merits of the case may require resolution by the finder of fact." *Id*. "[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Id*. at 227. "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id*. at 227-28.

### SECTION 158.012

Guerrero contends the trial court erred in granting the Commission's plea because the trial court had jurisdiction under section 158.012 of the Code. Section 158.012 states:

> A county employee who, on a final decision by the commission, is demoted, suspended, or removed from the employee's position may appeal the decision by filing a petition in a district court in the county within 30 days after the date of the decision.

TEX. LOC. GOV'T CODE ANN. § 158.012(a) (West 2008). Determining whether the trial court has jurisdiction under section 158.012 requires a construction of the language of the statute.

"In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the statute's language." *Presidio Ind. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010). "Where text is clear, it is determinative of that intent, and we give meaning to the language consistent with other provisions in the statute." *Id*. (internal citations omitted). We construe the text of a statute "according to its plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results." *Id*. "We also presume that the Legislature intended a just and reasonable result by enacting the

statute." *Id.* The construction of a statutory provision involves a question of law that we review *de novo. Atmos Energy Corp. v. Cities of Allen*, 353 S.W.3d 156, 160 (Tex. 2011).

Black's Law Dictionary defines "demote" as "[t]o lower (a person) in rank, position, or pay."[1] Black's Law Dictionary 465 (8th ed. 2004); *see also Alba v. Nueces County Sheriff's Dept.*, 89 S.W.3d 132, 134 (Tex. App.—Corpus Christi 2002, pet. denied) (citing Black's Law Dictionary to determine if employee was "suspended" under section 158.012). Under the circumstances of this case, Guerrero is clearly demoted. She previously held an E-11 position and currently holds an E-5 position with a lower pay.

The Commission argues that Guerrero is not entitled to appeal because the Commission's order overturned the demotion. However, section 158.012 does not state that a county employee who is demoted may appeal only if the Commission's decision does not overturn the demotion. Instead, section 158.012 states that a county employee who is demoted on a final decision of the Commission may appeal. Thus, the clear text of the statute permits a county employee to appeal if the employee remains demoted after the Commission's final decision. Therefore, applying the plain and common meaning of the term "demotion" to section 158.012, we hold that the trial court erred in granting the Commission's plea to the jurisdiction.

During oral argument and in their briefing, both parties raised issues with regard to whether the Commission or the trial court could order Guerrero's reinstatement since the county's budget eliminated her former position. *See* TEX. LOC. GOV'T CODE ANN. § 158.012(c) (West 2008) ("If the district court renders judgment for the petitioner, the court may order reinstatement of the employee, payment of back pay, or other appropriate relief."). The nature of

---

[1] This definition is consistent with the definition of demotion set forth in the Commission's policies. Policy 7.2.11 defines demotion as "the movement of an employee from one classification to another classification with a lower pay grade." Policy 7.6.11 defines demotion as "the involuntary reduction of an employee's pay grade and classification by the office or department."

the relief that may be available, however, does not affect the trial court's jurisdiction to consider Guerrero's appeal under section 158.012. The available relief is an issue for the merits of the case, not an issue affecting the trial court's subject matter jurisdiction. Moreover, the intent of the Legislature in enacting section 158.012 was to provide judicial review to a county employee who remains demoted after the Commission's final decision. Allowing a county employee to pursue her right to judicial review unaffected by subsequent budgetary actions is a "just and reasonable result." *Presidio Ind. Sch. Dist.*, 309 S.W.3d at 930.

## CONCLUSION

Because, on a final decision of the Commission, Guerrero remained in her demoted position, the trial court erred in granting the Commission's plea to the jurisdiction. The trial court's order is reversed, and the cause is remanded to the trial court for further proceedings.

Catherine Stone, Chief Justice