**Mark WALTERS, Appellant**

v.

**Brad LIVINGSTON, in his Official Capacity as Executive Director of the Texas Department of Criminal Justice, Appellee**

**NO. 03–16–00018–CV**

Court of Appeals of Texas, Austin.

Filed: December 21, 2016

Andrew P. LeGrand Sr., Carolyn S. Small, for Mark Walters.

Leah O'Leary, for Brad Livingston.

Before Chief Justice Rose, Justices Goodwin and Bourland

## OPINION

Melissa Goodwin, Justice

Appellant Mark Walters, who was an inmate in the Texas Department of Criminal Justice (TDCJ), sued appellee Brad Livingston, in his official capacity as the Executive Director of the TDCJ, under the Texas Religious Freedom Restoration Act (TRFRA), alleging that a TDCJ policy was substantially burdening his free exercise of religion. *See* Tex. Civ. Prac. & Rem. Code § 110.003(a). After Walters filed suit, the TDCJ cured the alleged substantial burden on Walters's free exercise of religion.

*See id.* § 110.006(e).[1] The Executive Director thereafter filed a plea to the jurisdiction, arguing that section 110.006(e) of the TRFRA "nullified" Walters's claim and, therefore, deprived the trial court of jurisdiction because the TDCJ had cured the alleged substantial burden. The trial court agreed, found that it did not have jurisdiction, and dismissed Walters's suit. *See id.* On appeal, the parties join issue on the meaning of section 110.006(e). Based on the plain language of the statute, we conclude that the TDCJ's actions after Walters's suit was already filed did not deprive the trial court of jurisdiction. Thus, we reverse the trial court's order on the Executive Director's plea to the jurisdiction and remand the case to the trial court for further proceedings.

## BACKGROUND

### TRFRA

We begin by providing a brief overview of the TRFRA to give context to the parties' dispute. The TRFRA generally provides that "a government agency may not substantially burden a person's free exercise of religion." *Id.* § 110.003(a); *see also id.* §§ 110.001 (defining "government agency" and "free exercise of religion"), .002(a) (applying chapter to, among others, rule, practice, or other exercise of governmental authority). A government agency, however, may substantially burden a person's free exercise of religion "if the government agency demonstrates that the application of the burden to the person: (1) is in furtherance of a compelling governmental interest, and (2) is the least restrictive means of furthering that interest." *Id.*

---

1. Section 110.006(e) of the Texas Religious Freedom Restoration Act (TRFRA) states: "A person with respect to whom a substantial burden on the person's free exercise of religion has been cured by a remedy implemented under this section may not bring an action under Section 110.005." Tex. Civ. Prac. & Rem. Code § 110.006(e).

§ 110.003(b).[2]

The available remedies for a person "who successfully asserts a claim or defense" under TRFRA include declaratory relief under Chapter 37, injunctive relief, compensatory damages for pecuniary and nonpecuniary losses "not [to] exceed $10,000 for each entire, distinct controversy," and attorney's fees "against an individual acting in the individual's official capacity as an officer of a government agency." *Id.* § 110.005; *see id.* § 37.001–.011 (UDJA). Subject to section 110.006, "sovereign immunity to suit and from liability is waived and abolished to the extent of liability created by section 110.005, and a claimant may sue a government agency for damages allowed by that section." *Id.* § 110.008; *see also City of Dallas v. Albert*, 354 S.W.3d 368, 374 (Tex. 2011) (stating principle that "waivers of sovereign immunity or consent to sue governmental entities must generally be found in actions of the Legislature").

Section 110.006, titled "Notice; Right to Accommodate," generally: (i) requires written notice to a government agency of a TRFRA claim and a 60–day waiting period after notice is provided before a claimant may file suit, (ii) authorizes a government agency that receives notice to implement a remedy, and (iii) sets forth the applicable standard for implementing a remedy under this section. *See* Tex. Civ. Prac. & Rem. Code § 110.006.[3] Section 110.006(d) specifically addresses the applicable standard for implementing a remedy as follows:

A remedy implemented by a government agency under this section:

(1) may be designed to reasonably remove the substantial burden on the person's free exercise of religion;

(2) need not be implemented in a manner that results in an exercise of governmental authority that is the least restrictive means of furthering the governmental interest, notwithstanding any other provision of this chapter; and

(3) must be narrowly tailored to remove the particular burden for which the remedy is implemented.

*See id.* § 110.006(d). Section 110.006(e), the focus of the parties' dispute, then states: "A person with respect to whom a substantial burden on the person's free exercise of religion has been cured by a remedy implemented under this section may not bring an action under Section 110.005." *Id.* § 110.006(e).

### The Controversy

On November 6, 2012, Walters, proceeding pro se, sued the Executive Director in his official capacity to challenge an alleged TDCJ policy that Walters contended substantially burdened the exercise of his Native American religion. *See id.* § 110.006(f). In addition to asserting a claim under the TRFRA, Walters also asserted federal and constitutional claims and sought damages

---

**2.** Section 110.003(c) further provides that:
A government agency that makes the demonstration required by Subsection (b) is not required to separately prove that the remedy and penalty provisions of the law, ordinance, rule, order, decision, practice, or other exercise of governmental authority that imposes the substantial burden are the least restrictive means to ensure compliance or to punish the failure to comply. *Id.* § 110.003(c).

**3.** Subsection (g) of section 110.006 provides an alternative notice procedure for inmates who comply with an inmate grievance system. *See id.* § 110.006(f). For purposes of this appeal, the Executive Director does not dispute that Walters met the notice requirements for bringing his TRFRA claim because he utilized and complied with an inmate grievance system.

and injunctive and declaratory relief. After the case was removed to federal court, Walters was released from prison. The federal court thereafter dismissed his federal claims for injunctive and declaratory relief as moot, dismissed or denied his other federal claims for damages by summary judgment, declined to exercise supplemental jurisdiction over his state law claim brought under the TRFRA, and remanded the case to state court. *See Walters v. Livingston*, No. A–12–CA–1072–ML, 2014 WL 4546819 (W.D. Tex. Sept. 12, 2014).

After the case was remanded to state court, Walters amended his petition to seek only damages in the amount of $10,000, costs, expenses, and attorney's fees under the TRFRA. *See* Tex. Civ. Prac. & Rem. Code § 110.005 (listing available remedies). The Executive Director responded by filing a plea to the jurisdiction on the basis that "Walters freely admits that TDCJ cured the sole cause of action raised in this lawsuit" and, thus, "his cause of action was nullified pursuant to Section 110.006(e)." *See id.* § 110.006(e). As support for the plea, the Executive Director filed an affidavit from the federal court proceeding that provided underlying facts related to Walters's claims. Relevant to Walters's TRFRA claim, the affidavit established that Walters was transferred to a unit that accommodated Walters's Native American religion in January 2013.

Walters filed a response to the Executive Director's plea to the jurisdiction with copies of his grievances concerning his transfer to a unit that could not accommodate his Native American religion. The trial court thereafter considered the Executive Director's plea to the jurisdiction, found that it did not have jurisdiction, and

dismissed Walters's suit. This appeal followed.[4]

## STANDARD OF REVIEW

"A plea to the jurisdiction challenges the court's authority to decide a case." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 149 (Tex. 2012). We review a plea questioning the trial court's subject matter jurisdiction de novo. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We focus first on the plaintiff's petition to determine whether the facts that were pled affirmatively demonstrate that subject matter jurisdiction exists. *Id.* We construe the pleadings liberally in favor of the plaintiff. *Id.* If a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Id.* at 227; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

Resolution of this appeal turns on statutory construction, which is also a question of law that we review de novo. *See Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). Our primary concern is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). "We thus construe the text according to its plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results." *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010) (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008)). "We generally avoid construing individual provisions of a statute in isolation from the statute as a whole," *Texas Citizens*, 336 S.W.3d at 628, and we consider a provi-

---

4. Walters is represented by counsel on appeal.

sion's "role in the broader statutory scheme," *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008).

## ANALYSIS

For purposes of this appeal, the parties agree that Walters complied with the notice requirements under the TRFRA before suing the Executive Director, *see* Tex. Civ. Prac. & Rem. Code § 110.006, and that the TDCJ did not implement a remedy to cure the alleged substantial burden on Walters's free exercise of religion until after Walters had already filed suit. The crux of the parties' dispute then is the impact of TDCJ's subsequent action to cure on the trial court's jurisdiction over Walters's suit.

▌ In his sole issue, Walters argues that section 110.006(e) does not allow a government agency "to unilaterally strip a court of jurisdiction to review a policy that substantially burdens a person's free exercise of religion by curing the burden after the injured person files a lawsuit seeking judicial review of the offending policy." Rather, Walters argues that the government agency must "cure" within the notice period provided under section 110.006 to deprive the trial court of jurisdiction. Offering a competing interpretation of section 110.006(e), the Executive Director counters that, as soon as a government agency implements a remedy—"cures"—in compliance with section 110.006, the trial court is deprived of jurisdiction to consider a pending claim brought under the TRFRA. To support their competing positions, the parties rely on what they regard as the plain language of the statute, legislative history, public policy, and the consequences of the competing interpretations of the statute.

As previously stated, section 110.006(e) provides: "A person with respect to whom a substantial burden on the person's free exercise of religion has been cured by a remedy implemented under this section may not bring an action under Section 110.005." *See id.* § 110.006(e). Neither party argues that the language of this statute is ambiguous, and we agree with the parties. Thus, we interpret the relevant language based on its plain and common meaning. *See Scott*, 309 S.W.3d at 930. A plain and common meaning of "cure" is "to treat so as to remove, eliminate, or rectify," Webster's Third New Int'l Dictionary 555 (2002), and to "bring an action" means to "sue" or "initiate legal proceedings," Black's Law Dictionary 219 (9th ed. 2009). We also observe that the phrase "may not bring an action" is forward looking in contrast with the phrase "has been cured," which refers to past conduct, and that the "action" that is referred to is "an action under section 110.005," the remedies provision of the TRFRA. *See* Tex. Gov't Code § 311.011(a) (stating that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage"). Applying the text's plain language then, we conclude that it precludes a claimant from bringing—i.e., initiating—a TRFRA suit after the government agency has already cured—i.e., eliminated or rectified—the substantial burden on the claimant's free exercise of religion, but it does not address the trial court's jurisdiction after a suit has been filed. *See Texas Citizens*, 336 S.W.3d at 628; *Scott*, 309 S.W.3d at 930; *Parker*, 249 S.W.3d at 396. Thus, it follows that this section does not deprive the trial court of jurisdiction when a government agency cures after a proper suit has been filed. *See TGS–NO-PEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ("We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen.").

Similar language in other provisions of the TRFRA supports this interpretation. *See Scott*, 309 S.W.3d at 931 (observing that, when interpreting statutes, courts "give meaning to the language consistent with other provisions in the statute"). Section 110.005(c) refers to "[a]n action under this section"—stating, "an action under this section must be brought in district court." Tex. Civ. Prac. & Rem. Code § 110.005(c). This provision is directed to "where" a claimant should initiate a suit. Other provisions in the TRFRA that contain similar language to "may not bring an action" also are directed to the initiation of suit. *See id.* §§ 110.005(d) (stating that "person may not bring an action" against an individual, "other than an action brought against an individual acting in the individual's official capacity"), .006(a) (stating that "a person may not bring an action" until 60–day notice period has expired), .006(b) (permitting person to "bring an action" for declaratory or injunctive relief within 60–day notice period in certain circumstances), .007(a) (stating that "person must bring an action" within one year of date person knew or should have known of substantial burden). None of these provisions would make sense if "bring an action" means something other than its common and plain meaning—i.e., to initiate legal proceedings.

Interpreting the phrase "may not bring an action" in section 110.006(e) to refer to the initiation of suit also is consistent with other statutes that use similar language in analogous contexts, as compared with statutes that use the word "maintains" when referring to the continuation of an action. *Compare* Tex. Health & Safety Code §§ 241.152(f) ("A patient may not maintain an action against a hospital . . . ."), 246.117(c) ("A person may not file or maintain an action under this section . . . ."); Tex. Fin. Code § 392.403(b) ("A person who successfully maintains an action under

Subsection (a) is entitled to attorney's fees reasonably related to the amount of work performed and costs."); Tex. Gov't Code § 81.072(g) (A person may not maintain an action against a complainant or witness in a disciplinary proceeding . . . ."), *with* Tex. Health & Safety Code § 246.117(d) ("A person must bring suit under this section not later than three years after . . . ."); Tex. Civ. Prac. & Rem. Code §§ 16.004 (setting forth limitations periods for when person "must bring suit"), 16.067(a) ("A person may not bring an action to recover a claim against a person who has moved to this state if the claim is barred by the law of limitation of the state or country from which the person came."), 71.002 ("An action for actual damages arising from an injury that causes an individual's death may be brought if liability exists under this section."), 71.003 ("This subchapter applies only if the individual injured would have been entitled to bring an action for the injury if the individual had lived or had been born alive."), 71.004 (addressing who "may bring the action" and stating that, "[i]f none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals"), 74.251(b) (stating that claimant "must bring" claim not later than 10 years after act or omission that gives rise to claim); Tex. Fin. Code § 396.201 ("A private child support enforcement agency may not bring an action to enforce a child support obligation in this state unless the agency is registered or otherwise authorized to engage in business in this state as provided by this chapter."); Tex. Ins. Code § 2210.579(b) ("[T]he association may not bring an action against a claimant, for declaratory or other relief,

before the 180th day after the date an appraisal . . . is completed.").

The Executive Director argues that limiting the jurisdictional barrier provided by section 110.006(e) to the initiation of suit would impose a time limit on a government agency's ability to cure that is inconsistent with the purpose of the statute and that is not found in the text of the statute. The Executive Director argues that subsection (e) is directed to the "person" and not the government agency and that the legislature could have imposed a time limit on the State's ability to cure, but it deliberately chose not to do so. The Executive Director also focuses on section 110.006(d)(2) that allows a government agency to implement a remedy that is not "the least restrictive means of furthering the governmental interest, notwithstanding any other provision of this chapter." *See* Tex Civ. Prac. & Rem. Code § 110.006(d)(2); *see also id.* § 110.003(b) (allowing government agency to substantially burden person's free exercise of religion if application of burden "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that interest").

The Executive Director's interpretation, however, conflicts with the plain language of section 110.006(e) and would require us to ignore the actual words chosen by the legislature, which we decline to do. *See Galbraith Eng'g Consultants*, 290 S.W.3d at 867 (noting that primary concern is express statutory language); *see also Tex-*

as *Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 362 (Tex. 2013) (stating that courts "cannot add words into, or delete language from, a statutory provision unless doing so is 'necessary to give effect to clear legislative intent,' because '[o]nly truly extraordinary circumstances showing unmistakable legislative intent should divert us from enforcing the statute as written'" (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 867 (Tex. 1999))).

We also observe that interpreting section 110.006(e) as a barrier to the trial court's jurisdiction over a TRFRA claim only if the government agency has cured before the claimant initiates suit does not prevent a government agency from taking action to remove a substantial burden during the pendency of a case.[5] Although a trial court would not lose its jurisdiction in that situation, the government agency could potentially limit its liability for recoverable damages and attorney's fees by doing so. *See* Tex. Civ. Prac. & Rem. Code § 110.005 (allowing damages, costs, reasonable expenses, and attorney's fees).[6] In contrast, the Executive Director's proposed interpretation that section 110.006(e) deprives the trial court of jurisdiction at any point in pending litigation once the government agency cures—even if a suit has been pending for years—is inconsistent with the TRFRA's waiver of liability and statutory remedies of damages, costs, expenses, and attorney's fees when a government agency has substantially burdened a person's free exercise of religion.

---

**5.** We express no opinion on the merit of Walters's claims, including his claims for monetary relief.

**6.** Section 110.005(b) limits the amount of compensatory damages to $10,000 "for each entire, distinct controversy, without regard to the number of members or other persons within a religious group who claim injury as a result of the government agency's exercise of

governmental authority" and precludes the award of exemplary damages. *Id.* § 110.005(b). Although the amount of damages has been capped, limiting a government agency's exposure, "reasonable attorney's fees, court costs, and other reasonable expenses incurred in bringing the action" may be awarded against the government agency. *Id.* § 110.005(a)(4).

*See id.* §§ 110.005, .008; *see also id.* § 110.003 (prohibiting government agency from substantially burdening person's free exercise of religion); Tex. Gov't Code § 311.023(5) (allowing court to consider, whether or not statute is ambiguous, consequences of particular construction); *Texas Citizens*, 336 S.W.3d at 628 (avoiding "construing individual provisions of a statute in isolation from the statute as a whole"); *Parker*, 249 S.W.3d at 396 (considering provision's "role in the broader statutory scheme").

Here, it is undisputed that Walters initiated his suit against the Executive Director after the statutory notice period had expired but before the TDCJ acted to cure the alleged substantial burden on Walters's free exercise of religion. Applying the plain and common meaning of section 110.006(e) then, we conclude that Walters properly brought an action—initiated his suit—to confer jurisdiction on the trial court and that, pursuant to section 110.008, sovereign immunity was waived. *See* Tex. Civ. Prac. & Rem. Code §§ 110.006(e), .008; *see also id.* § 110.005(d) (authorizing claims against individual acting in the individual's official capacity as an officer of a government agency). Based on the plain language of section 110.006(e), we also conclude that TDCJ's subsequent action of curing the alleged substantial burden on Walters's free exercise of religion after Walters had already filed suit did not deprive the trial court of jurisdiction. *See id.* § 110.006(e). Thus, we sustain Walters's issue.[7]

## CONCLUSION

For these reasons, we conclude that the trial court has jurisdiction over Walters's TRFRA claim, reverse the trial court's order on the Executive Director's plea to the jurisdiction, and remand the case to the trial court for further proceedings consistent with this opinion.

---

7.  Because we interpret the statute based on the plain and common meaning of its text, we do not discuss or consider the parties' arguments that are based on legislative history. *See* Tex. Gov't Code § 311.023(3) (allowing courts to consider legislative history but not requiring them to do so).