COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| JULIE MORENO, | § | No. 08-22-00235-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | County Court at Law No. 3 |
| | § | |
| JULIO C. NOVOA, M.D., | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 2011-718) |

**O P I N I O N**

After the parties settled all claims in the underlying medical malpractice case, Julie Moreno sought sanctions against Julio C. Novoa, M.D. based on grievances he filed with the State Bar of Texas during the litigation. The trial court denied the motion. We affirm.

***Factual and Procedural Background***

Moreno's lawsuit against Novoa proceeded to a jury trial in May 2022 and recessed due to her counsel's medical emergency.[1] After trial briefly resumed in June 2022, the case settled; however, after announcing the settlement on the record, neither of the parties immediately sought a signed order of dismissal.

---

[1] The facts of the underlying case are excluded from the record and apparently irrelevant to this appeal, which involves only Moreno's motion for sanctions.

In October 2022, Novoa filed a grievance with the Office of the Chief Disciplinary Counsel of the State Bar of Texas regarding Moreno's two attorneys and the trial court judge who presided over the trial.[2] Moreno responded by filing a motion for sanctions against Novoa, in which she contended the grievances were filed in bad faith and asked the court to impose sanctions under the Texas Rules of Civil Procedure and its inherent sanction power. The motion also sought a permanent injunction against Novoa to prevent him from "contacting, complaining or making any effort to hurt or disparage Plaintiff's counsel or the [trial court judge]." Though the motion is titled "Plaintiff's Motion for Sanctions Against Defendant Novoa" and states "Plaintiff prays the Court" grant the motion, it also says the motion is filed by "Plaintiff Julie Moreno's attorneys."

Novoa responded by filing a plea to the jurisdiction and response to the motion for sanctions, in which he protested that plaintiff's counsel (not Moreno herself) brought the motion for sanctions, asserted his entitlement to immunity under Texas Government Code Section 81.072(g), and challenged the merits of the motion. He asked the trial court to dismiss the motion for lack of jurisdiction or alternatively deny it. Moreno filed a reply in support of her motion, and the trial court held a hearing on November 15, 2022. Following the hearing, the trial court denied the motion without stating its reasons.[3] Moreno moved for a new trial solely to advance her motion for sanctions, which the trial court denied on January 5, 2023. Moreno appealed.

### Standard of Review

As noted, the trial court denied Moreno's motion for sanctions and did not expressly rule on Novoa's plea to the jurisdiction. Ordinarily, we review the denial of a motion for sanctions

---

[2] That judge later retired, and a new trial court judge heard Moreno's motion for sanctions.

[3] The order is titled "Order Denying Motion for Sanctions Against Defendant, Julio C. Novoa, M.D." and states the motion is "in all things denied." (capitalization omitted). It does not mention Novoa's plea to the jurisdiction.

under an abuse-of-discretion standard. *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997). However, we review jurisdictional arguments—including whether a party is immune from suit—de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *Crampton v. Farris*, 596 S.W.3d 267, 276 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

## *Analysis*

On appeal, Moreno argues that the trial court had jurisdiction over Novoa and should have granted her motion for sanctions against him. Even assuming the motion for sanctions was brought by Moreno (and not, as portions of the record suggest, her attorneys), the trial court could not have entered sanctions against Novoa because professional misconduct complainants are entitled to absolute, unqualified immunity. TEX. GOV'T CODE ANN. § 81.072(g). Specifically, the State Bar Act provides:

> A person may not maintain an action against a complainant or witness in a disciplinary proceeding based on a communication made by the complainant or witness to the commission, a grievance committee, or the chief disciplinary counsel. The immunity granted by this subsection is **absolute and unqualified**. (emphasis added).

*Id.*

Because Novoa is a complainant in a disciplinary proceeding and Moreno seeks sanctions based expressly on the contents of his grievance, Novoa is covered by the absolute immunity provided by Section 81.072(g).

Moreno argues Novoa is not eligible for such immunity because he filed the grievances in bad faith. But that argument is inconsistent with the nature of absolute immunity. *Diddel v. Davis*, No. CV H-04-4811, 2006 WL 8444647, at *4 (S.D. Tex. Jan. 30, 2006) (Rosenthal, J.) (mem. & opin.) (applying Texas law). "Absolute immunity, unlike qualified immunity, applies even if the underlying alleged conduct is illegal, improper, or malicious." *Id.* Because absolute immunity is

3

just that—absolute—"it must protect even actions that a plaintiff could ultimately establish were in violation of law." *Id.*

Moreno also contends Novoa is not entitled to immunity because the absolute privilege of statements made under the doctrine of quasi-judicial immunity exists to prevent the filing of new defamation suits. To the extent that doctrine applies (given the clear statutory immunity outlined in Section 81.072(g)), it bolsters, not threatens, Novoa's entitlement to immunity. "[C]ourts treat a grievance or disciplinary proceeding before a state bar association as a 'quasi-judicial proceeding' and recognize absolute privilege against suit for statements made in the course of the proceeding, a privilege more accurately characterized as an immunity." *Id.* at *5 (collecting cases, including *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912–13 (Tex. 1942)). That immunity is not limited to defamation claims but applies regardless of the label placed on the claim. *Id.* (collecting cases). The cases Appellant cites regarding the absolute privilege of statements made under the doctrine of quasi-judicial immunity are thus inapposite because they do not involve statements made during a professional misconduct proceeding. *See Perdue, Brackett, Flores, Utt & Burns v. Linebarger, Goggan, Blair, Sampson & Meeks, L.L.P.*, 291 S.W.3d 448, 450–51 (Tex. App.—Fort Worth 2009, no pet.) (statement made to city council); *Zarate v. Cortinas*, 553 S.W.2d 652, 654 (Tex. App.—Corpus Christi 1977, no writ) (opin. on reh'g) (statement made to sheriff's office).

Lastly, Moreno argues immunity is inapplicable because she has not filed a new suit against Novoa based on the grievance but instead filed a motion for sanctions into a pre-existing case. In other words, she argues Section 81.072(g) applies to causes of action, not motions for sanctions, challenging a professional misconduct grievance.

The State Bar Act does not define the terms "action" or "maintain," so "we will use the plain and ordinary meaning of the term[s] and interpret [them] within the context of the statute." *EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744, 758 (Tex. 2020) (citing *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 441 (Tex. 2011)). While an "action" may be defined as "the initiating of a proceeding in a court of justice by which one demands or enforces one's right," it can also be defined as "the proceeding itself." "Action," MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/action. "Maintain" is defined as "to keep in an existing state" or "to continue or preserve in." "Maintain," MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/maintain. Thus, it is the ongoing proceeding that cannot continue if the proceeding is "based on a communication made by the complainant or witness to the commission, a grievance committee, or the chief disciplinary counsel." TEX. GOV'T CODE ANN. § 81.072(g); *see also Hogan v. Zoanni*, 627 S.W.3d 163, 169 (Tex. 2021) (construing "maintain" under different statutory scheme); *Walters v. Livingston*, 514 S.W.3d 763, 768 (Tex. App.—Austin 2016, no pet.) (comparing statutes that use the word "maintain" when referring to the continuation of an action versus those that use the phrase "may not bring an action"). Here, the underlying suit had otherwise concluded; the parties had settled all claims and Moreno sought a new trial solely to advance her motion for sanctions. However, Moreno cannot overcome the unambiguous immunization of professional misconduct complainants simply by filing a motion for sanctions, rather than instituting a separate action, targeting the complainant in an otherwise resolved case.

## CONCLUSION

Having overruled Moreno's only issue on appeal, we affirm the trial court's judgment.

YVONNE T. RODRIGUEZ, Chief Justice

July 31, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.