PRESIDIO INDEPENDENT SCHOOL
DISTRICT, Petitioner,

v.

Robert SCOTT, as Commissioner
of Education, Respondent.

No. 08–0958.

Supreme Court of Texas.

Argued Jan. 19, 2010.

Decided April 23, 2010.

Larry A. Baskind, Linda Aileen Samples, Baskind & Hosford, PC, Ken Slavin, Kemp Smith, LLP, El Paso, TX, for Petitioner.

George A. Warner Jr., Greg W. Abbott, Attorney General, Clarence Andrew Weber, First Assistant Attorney General, David S. Morales, Office of the Attorney General, Bill Davis, Daniel L. Geyser, Asst. Solicitor General, James C. Ho, Solicitor General, Office of Solicitor General, Austin, TX, for Respondent.

Richard L. Arnett, Brim, Arnet, Robinett, Hanner, Conners & McCormick, P.C., Austin, TX, for other interested party Samuel Papa.

Justice GUZMAN delivered the opinion of the Court.

At issue in this case is whether Texas Education Code § 21.307 requires the Commissioner of Education's consent before an appeal of his decision in a dispute between a teacher and a school district can proceed in a Travis County district court. After the Commissioner adjudicates the dispute between a teacher and a school district, § 21.307(a) allows "[e]ither party" to appeal the Commissioner's decision in one of two possible venues: (1) a district court in the school district's county; or (2) "if agreed by all parties, a district court in Travis County." Here, both Presidio Independent School District (Presidio) and the teacher agreed to venue in Travis County, but the Commissioner, who must be joined to the appeal under § 21.307(c), did not agree. We must determine whether the Commissioner's consent is required under the statute, and we conclude that it is not. Accordingly, we reverse the judgment of the court of appeals and remand to the trial court for further proceedings.[1]

## I. Background

Presidio does not allow its teachers to use corporal punishment on students. Following an incident in which a teacher violated this policy, Presidio provided the teacher with a notice of termination and the matter was referred to a hearing examiner, thereby initiating the statutory administrative process. After a full evidentiary hearing, the examiner recommended to the Presidio board of trustees that the teacher be terminated for cause, and the board agreed, adopting the recommendation. The teacher then filed a petition for review with the Commissioner of Education, who reversed the board's decision and determined that the teacher should be reinstated or paid one year's salary in lieu of reinstatement.

Presidio appealed, choosing Travis County district court as its venue, a choice in which the teacher concurred. The Commissioner, however, objected to review in Travis County, contending that because he is a party to the appeal, his consent is a jurisdictional prerequisite to venue in Travis County under Texas Government Code § 311.034. The Commissioner filed a plea to the jurisdiction on that basis, which the trial court denied.

The court of appeals affirmed, but on rehearing, a divided panel agreed with the Commissioner. The majority determined that "the legislature saw fit to grant the Commissioner (like school districts and

---

1. Because the Commissioner's consent is not required to appeal in Travis County, we do not reach the second issue presented: whether the Commissioner's consent is a statutory prerequisite to jurisdiction under Texas Government Code § 311.034.

teachers) effectively a veto power against having to defend judicial appeals in Travis County district court." 266 S.W.3d at 539. The dissent reasoned that the Commissioner does not come within the definition of "party" in § 21.307(a)(2) because "the 'party' would be appealing the Commissioner's decision, and the Commissioner presumably would not appeal his own decision." 266 S.W.3d at 542 (Patterson, J., dissenting).

■ Presidio petitioned this Court for review, which we granted. 52 Tex. Sup.Ct. J. 1134 (Aug. 21, 2009). We have jurisdiction over this interlocutory appeal because there is a dissent in the court of appeals. *See* Tex. Gov't Code § 22.225(c); *see also* Tex. Civ. Prac. & Rem.Code § 51.014(a)(8) (permitting appeal from an interlocutory order that denies a plea to the jurisdiction filed by a governmental unit). We review a trial court's order granting or denying a plea to the jurisdiction de novo. *See Houston Mun. Employees Pension Sys. v. Ferrell,* 248 S.W.3d 151, 156 (Tex.2007); *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex.2004).

## II. Analysis

Section 21.307 grants teachers and school districts the right to seek judicial review of the Commissioner's decision. The question presented is whether § 21.307(a)(2) requires the Commissioner's consent before the appeal can proceed in a Travis County district court.

### A. Statutory Framework

Before parsing the language of § 21.307, a brief survey of the surrounding statutory landscape provides a helpful context for that section's use of the term "party" by outlining how this type of case proceeds through the various levels of review. If a school district seeks to terminate a teacher, the teacher may request a hearing before a certified hearing examiner who develops the record, conducts a bench trial, and ultimately makes a written recommendation that includes proposed findings of fact, conclusions of law, and if the examiner so chooses, a proposal for granting relief. *See* Tex. Educ.Code §§ 21.251–.257. Next, the school district's board of trustees or board subcommittee considers the recommendation and may adopt, reject, or change the hearing examiner's conclusions of law or proposal for granting relief. *Id.* § 21.259.

If dissatisfied with the board's decision, the teacher may appeal to the Commissioner of Education. *Id.* § 21.301(a). The Commissioner "shall review the record of the hearing before the hearing examiner and the oral argument before the board of trustees or board subcommittee." *Id.* § 21.301(c). And, with exceptions not relevant here,[2] the Commissioner shall consider the appeal "solely on the basis of the local record and may not consider any additional evidence or issue." *Id.* If the board terminates a teacher's contract, the Commissioner may not substitute his judgment for the board's unless its decision was "arbitrary, capricious, or unlawful or is not supported by substantial evidence." *Id.* § 21.303(b). Once the teacher and school district receive notice of the Commissioner's decision, *id.* § 21.304, a party may file a request for rehearing, *id.* § 21.3041(a). "Either party" may then appeal the Commissioner's decision to a district court. *Id.* § 21.307(a).

From this statutory scheme, it is reasonable to conclude that the teacher and the school district are adverse "parties" as

2. *See* Tex. Educ.Code § 21.302(a) ("If a party alleges that procedural irregularities that are not reflected in the local record occurred at the hearing before the hearing examiner, the commissioner may hold a hearing...").

that term is normally used. *See* BLACK'S LAW DICTIONARY 1232 (9th ed. 2009) (defining "party" as "[o]ne by or against whom a lawsuit is brought"). The Commissioner is a neutral arbiter performing a limited review of the board's decision and does not have a direct stake in the outcome.

### B. Statutory Construction

■ With that context in mind, we turn to § 21.307. In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the statute's language. *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625 (Tex.2008). Where text is clear, it is determinative of that intent, *Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d 433, 437 (Tex.2009), and we give meaning to the language consistent with other provisions in the statute, *Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 642 (Tex.2004). Our practice when construing a statute is to recognize that "the words [the Legislature] chooses should be the surest guide to legislative intent." *Entergy,* 282 S.W.3d at 437 (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 866 (Tex.1999)). We thus construe the text according to its plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results. *City of Rock-*

*wall,* 246 S.W.3d at 625–26. We also presume that the Legislature intended a just and reasonable result by enacting the statute. *Id.* at 626 (citing TEX. GOV'T CODE § 311.021(3)).

■ Section 21.307(a) grants parties the right to appeal the Commissioner's decision and identifies two possible venues:

> (a) Either party may appeal the commissioner's decision to:
>
> > (1) a district court in the county in which the district's central administrative offices are located; or
> >
> > (2) if agreed by all parties, a district court in Travis County.

TEX. EDUC.CODE § 21.307(a). Subsection (a) begins by allowing "either party" to appeal the Commissioner's decision. While this subsection does not define the term "party," no one disputes that the word refers to the teacher and the school district, who were the parties before the Commissioner and are affected by the Commissioner's decision. The Commissioner is logically excluded from the scope of "either party" because he would not appeal his own decision. Similarly, throughout the subchapter of which § 21.307 is a part, the Commissioner is distinguished from a "party." [3] It follows

---

3. *See* TEX. EDUC.CODE § 21.301(c) ("The commissioner, on the motion of a party or on the commissioner's motion, may hear oral argument."); *id.* § 21.302(a) ("If a party alleges ... procedural irregularities ..., the commissioner may hold a hearing for the presentation of evidence on that issue. The party alleging ... procedural irregularities ... shall identify the specific alleged defect and its claimed effect ...."); *id.* § 21.304(c) ("The commissioner shall send a copy of the decision to each party or the party's representative by certified mail.... A party is presumed to be notified of the decision on the date the decision is received ...."); *id.* § 21.3041 ("Not later than the 20th day after the date the party or the party's representa-

tive receives notice of the commissioner's decision ..., the party may file a request for rehearing.... A request for rehearing is not required for a party to appeal the commissioner's decision.... A request for rehearing is denied by operation of law if the commissioner does not issue an order before the 45th day after the date the party or the party's representative receives notice of the commissioner's decision."); *id.* § 21.305(b) ("Each party shall bear the cost of any copy of the transcript requested by that party."); *id.* § 21.306 ("The commissioner and the staff of the agency may not communicate with any party or any party's representative in connection with any issue of fact or law except on notice and opportunity for each party to par-

that in subsection (a)(2), which is subordinated to the introductory "either party" clause, the scope of "all parties" who must consent to venue in Travis County is limited to those parties who have the ability to initiate further review of the Commissioner's decision—teachers and school districts.[4] Accordingly, we hold that the Commissioner's consent is not required under § 21.307(a)(2) for a judicial appeal of the Commissioner's decision in Travis County.

■ The Commissioner's primary textual argument to the contrary focuses on subsection (c), in which the Commissioner, along with the parties in the administrative hearing before the Commissioner, are made parties to the judicial appeal: "The commissioner and each party to the appeal to the commissioner must be made a party to an appeal under this section." TEX. EDUC.CODE § 21.307(c). Because the Commissioner is made a party, he argues that this newly conferred status reaches back to include him in the "all parties" that must consent to venue in Travis County. We disagree. The Legislature's decision to designate the Commissioner as a party to the appeal does not automatically import that meaning to every other use of the term "party" regardless of the immediate context. The Commissioner cannot selectively choose a particular use of "party" into which his chosen definition is poured while at the same time distinguishing every other use of the term where that meaning is contextually impossible. Courts must not give the words used by the Legislature an "exaggerated, forced, or constrained meaning." *Cities of Austin v. Sw. Bell Tel. Co.*, 92 S.W.3d 434, 442 (Tex.2002). Disregarding twenty-one uses of "party" in the surrounding context, all of which do not include the Commissioner, in favor of the single use that does is precisely the sort of "exaggerated, forced, or constrained meaning" that we eschew. *See supra* note 3.

In addition, subsections 21.307(a) and (c) contemplate different objectives. Subsection 21.307(a) gives the teacher or school district the right to appeal and two venue options, one of which is conditioned on

---

ticipate."); *id.* § 21.307(b)(1) ("An appeal under this section must be perfected not later than the 30th day after the date the party or the party's representative receives notice of the commissioner's decision ...."); *id.* § 21.307(c) ("The commissioner and each party to the appeal to the commissioner must be made a party to an appeal under this section."). In all but one of these uses of "party," the Commissioner is clearly excluded from its meaning. The single time that the Commissioner is included as a "party," in § 21.307(c), does not change the Legislature's general use of the term to refer to everyone involved in the proceeding except the Commissioner. *See Brown v. Darden*, 121 Tex. 495, 50 S.W.2d 261, 263 (1932) ("Whenever a legislature has used a word in a statute in one sense and with one meaning, and subsequently uses the same word in legislating on the same subject-matter, it will be understood as using it in the same sense, unless there be something in the context or the nature of things to indicate that it intended a different meaning thereby. The rule applies when the phrases are substantially the same." (citation omitted)).

4. The Commissioner argues that the Legislature explicitly conditioned suit in Travis County on the consent of *"all* parties," not "either party," "both parties," "the parties to the appeal to the Commissioner," or other similar terms that would clearly exclude the Commissioner. But that contention ignores the possibility that more than two parties could be involved in the proceedings. For example, if a school district fired two teachers who then brought an appeal to the Commissioner, then the term "both parties" would not properly encompass two teachers and a school district. The language of subsection (a), when taken as a whole, indicates that "party" should have a consistent meaning, the change from singular to plural notwithstanding.

securing the consent of the opposing party. Subsection 21.307(c), on the other hand, merely describes who must appear in the district court. While the Commissioner is "made a party" in subsection (c), nothing in that subsection or the statute as a whole suggests a legislative intent to allow the Commissioner to determine whether an appeal may be filed in the county of his residence. *See Burton v. Rogers*, 504 S.W.2d 404, 406 (Tex.1973) (noting that statewide officials are deemed to reside in Travis County, the seat of the state government, for venue purposes).

■ The Commissioner also offers a policy reason to justify his purported veto power: preventing forum-shopping by the losing party. Generally, forum-shopping occurs when a party attempts to obtain a perceived advantage over its adversary by choosing the most favorable venue. *See, e.g., Walker v. Packer*, 827 S.W.2d 833, 849 n. 3 (Tex.1992) (noting that forum-shopping includes trying "to obtain a trial judge more likely to provide a more favorable ruling"); BLACK'S LAW DICTIONARY 726 (9th ed. 2009) (defining forum-shopping as "[t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard"). But we fail to envision a scenario in which forum-shopping occurs when both parties to the dispute agree to pursue the appeal in Travis County.[5] And when the Commissioner withholds consent from Travis County to obtain an advantage (e.g., a more favorable precedent in the local forum), he too arguably engages in forum-shopping. As a neutral arbiter of the decision being appealed, the Commissioner should be indifferent to the venue in which the appeal is filed. We are not persuaded that the Legislature intended to combat forum-shopping by giving the Commissioner the power to block review in Travis County.

Finally, the Commissioner argues that his adjudicatory role in this context has a policy-making function by ensuring uniform and predictable interpretations of state law, and thus he has an active role in litigation before the courts. But the Commissioner reviews the school board's decision "solely on the basis of the local record and may not consider any additional evidence or issue," TEX. EDUC.CODE § 21.301(c), and he may not substitute his judgment "unless [the board's] decision was arbitrary, capricious, or unlawful or is not supported by substantial evidence," *id.* § 21.303(a). Further, the district court employs much the same standard. *Id.* § 21.307(e)-(f). The Commissioner's limited role coupled with the deferential review by the district court belies any attempt to classify the Commissioner's task as making policy. In this type of judicial appeal, the Commissioner is no more interested in having his decision upheld than is any lower court when reviewed by a higher court.

## III. Conclusion

We interpret § 21.307(a) according to its plain language, language that excludes the Commissioner from those parties who must consent to a judicial appeal in Travis County. Accordingly, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

---

5. The Commissioner argues that one consenting party might not be aware of the disadvantage of an appeal in Travis County, thus requiring the Commissioner to withhold consent and steer the unwitting party away from an unfavorable panel or precedent. Even if true, the parties are in the best position to make their own strategic decisions.