September 22, 2010

The Honorable R. Kelton Conner
Hood County Attorney
1200 West Pearl Street
Granbury, Texas 76048

Opinion No. GA-0799

Re: Compensation of judges serving on a juvenile board (RQ-0861-GA)

Dear Mr. Conner:

You ask, on behalf of the Hood County Commissioners Court ("Commissioners Court"), "'[w]ho has the authority and responsibility to establish, increase, decrease or eliminate the amount of compensation to be paid to the judges serving on the Juvenile Board of Hood County[.]'"[1]

A brief attached to your request explains that the Hood County Juvenile Board ("Board") "was created under [c]hapter 152, Human Resources Code [s]ubchapters A and B."[2] Subchapters A and B both contain provisions related to the compensation of the Board. Subchapter A provides that "[t]he compensation authorized under this chapter for a judge serving on a juvenile board is in addition to all other compensation provided or allowed by law for a judge." TEX. HUM. RES. CODE ANN. § 152.0003 (West Supp. 2010). Subchapter B provides that "[s]ervice on a juvenile board by a judge is an additional duty of office" and that "[t]he *commissioners court may reasonably compensate each member of the juvenile board* for the member's additional duties." *Id.* § 152.0034 (a)–(b) (West 2001) (emphasis added).

In construing section 152.0034, we "ascertain and give effect to the Legislature's intent as expressed by the statute's language" and "we give meaning to the language consistent with other provisions in the statute." *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010). We consider first the meaning of the term "may" as used in section 152.0034(b). As previous attorney

---

[1]Request Letter (*available at* http://www.texasattorneygeneral.gov).

[2]Brief at 1 (*available at* http://www.texasattorneygeneral.gov). In addition, you clarify that "Hood County does not have a Family District Court and no provisions for Hood County are set forth in" subchapter D of chapter 152. Request Letter; *see also* TEX. HUM. RES. CODE ANN. §§ 152.0051–.0055 (West 2001) ("Subchapter C: County Juvenile Board in Counties with a Family District Court"). It is, therefore, our understanding that neither subchapter C nor D of chapter 152 are applicable to the Board. We also note that certain sections of subchapter A do not apply to the Board. *See* TEX. HUM. RES. CODE ANN. § 152.0040 (West 2001) (providing that "[s]ections 152.0002, 152.0004, 152.0005, and 152.0009 do not apply to a juvenile board operating under" subchapter B).

general opinions explain, in construing a statute, "the use of the word 'may' as opposed to 'shall' generally indicates discretion or choice between two or more alternatives, but the context in which the word appears must be the controlling factor." Tex. Att'y Gen. Op. No. JC-0517 (2002) at 4 (quoting Tex. Att'y Gen. LO-93-60, at 1–2); *see also* Tex. Att'y Gen. Op. No. GA-0622 (2008) at 3 ("The word 'may' denotes discretion not to do something.") (citing Texas Government Code section 311.016(1)). Nothing in the language of section 152.0034 indicates that the Legislature intended to use the term "may" in anything but its usual sense. Moreover, the term "may" in section 152.0034(b) is qualified by the term "reasonably." TEX. HUM. RES. CODE ANN. § 152.0034(b) (West 2001). It would have been unnecessary to qualify the authority by inserting the word "reasonably" if the Legislature had not intended to grant a commissioners court discretionary authority over the amount of compensation of a board. *Cf. Old Am. Cnty. Mut. Fire Ins. Co. v. Sanchez*, 149 S.W.3d 111, 115 (Tex. 2004) (presuming that every word of a statute is included or excluded for a reason).

Considering section 152.0034 in the context of subchapter B also indicates the commissioners court has the discretion, but not the duty, to compensate a juvenile board. The very next section of subchapter B uses the term "shall" in referring to the commissioners court's duty to reimburse juvenile board members for their actual and necessary expenses. *See* TEX. HUM. RES. CODE ANN. § 152.0035 (West 2001) ("The county *shall* reimburse a juvenile board member for the member's actual and necessary expenses incurred in performing official duties on the board.") (emphasis added); *see also* TEX. GOV'T CODE ANN. § 311.016(2) (West 2005) (explaining that the term "shall" imposes a duty unless the statute expressly provides otherwise or the context necessarily requires a different construction). Had the Legislature intended to impose a duty on the commissioners court to compensate a juvenile board under section 152.0034(b), it would have similarly used the word shall.[3] *Cf. Old Am. Cnty. Mut. Fire Ins. Co.*, 149 S.W.3d at 115 (presuming that every word of a statute is included or excluded for a reason).

Finally, we note that prior attorney general opinions have construed other provisions of chapter 152 to authorize a commissioners court to set the amount of compensation of a juvenile board.[4] *See* Tex. Att'y Gen. Op. Nos. GA-0715 (2009) at 2 (construing Human Resources Code section 152.0971), DM-103 (1992) at 2 (construing Human Resources Code section 152.0411(c)). Thus, our conclusion here is consistent with other provisions in chapter 152 in regard to the relationship between a commissioners court and a juvenile board as to the compensation of the board members.

---

[3]In addition, as evidenced by certain statutes pertaining to specific juvenile boards, the Legislature does not believe it imperative to compensate those serving on a juvenile board. *See, e.g.*, TEX. HUM. RES. CODE ANN. §§ 152.0791(e) (West 2001) (providing that public members of the Falls County Juvenile Board serve without compensation); 152.0901(c) ("The juvenile board members [of Galveston County] do not receive compensation for serving on the juvenile board" but shall be paid $75 per month for performing certain duties).

[4]The exact scope of that authority may, of course, differ depending upon the statute at issue. For example, the Legislature sometimes establishes a statutory minimum and maximum amount of compensation for a juvenile board within which a commissioners court must act. *See* Tex. Att'y Gen. Op. No. DM-103 (1992) (construing Human Resources Code section 152.0411(c)).

Having examined section 152.0034(b)'s express terms in the context of subchapter B, we conclude that section 152.0034(b) grants a commissioners court discretionary authority over the compensation of a juvenile board member.  *See* Tex. Att'y Gen. LO-94-055, at 3 ("The commissioners court also has a role in determining the district judge's compensation. It may . . . compensate the district judge for serving on the juvenile board [under section 152.0034].").  It is our opinion that the Commissioners Court has authority under section 152.0034(b) to establish, increase, decrease, or eliminate the amount of compensation to be paid to the judges serving on the Board.[5]

---

[5]One brief received by our office suggests that this conclusion conflicts with state law and prior attorney general opinions that address the general financial independence of a juvenile board.  *See* Brief from Honorable Vincent J. Messina, Hood County Court at Law Judge, to Nancy Fuller, at 2–3 (Mar. 26, 2010) (citing, for example, Local Government Code section 140.003, which provides that a juvenile board is a specialized local entity and that the county disburses and cares for its funds as the entity directs).  We disagree.  A juvenile board has general financial independence only to the extent that a statutory provision does not explicitly provide otherwise.  Here we have a statute that expressly provides that the commissioners court has discretionary authority to compensate the members of the juvenile board. Moreover, none of the opinions cited in the brief construe section 152.0034(b) of the Human Resources Code.  *See generally, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0209 (2000) (regarding a juvenile board's authority to contract with an attorney to represent it in litigation); JC-0085 (1999) (regarding the authority of commissioners court to set salaries for employees of a juvenile probation department); DM-460 (1997) (regarding a juvenile board's authority to enter into contracts or authorize expenditures for the juvenile probation department).

## S U M M A R Y

Pursuant to section 152.0034(b) of the Human Resources Code, the Hood County Commissioners Court has the authority to establish, increase, decrease, or eliminate the compensation paid to the judges serving on the Hood County Juvenile Board.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee