

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 26, 2013

The Honorable Susan D. Reed
Bexar County Criminal District Attorney
Cadena-Reeves Justice Center
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

Opinion No. GA-1019

Re: Whether advertising by a bail bond licensee in a magazine that is distributed to pretrial detainees held in the county jail, when the licensee has an exclusive agreement that no advertisements from other licensees will appear in the magazine, could ever constitute unlawful "solicitation" in violation of section 1704.304(c) of the Texas Occupation Code (RQ-1118-GA)

Dear Ms. Reed:

You ask whether advertising by a bail bond licensee in a magazine that is distributed to pretrial detainees held in the county jail, when the licensee has an exclusive agreement that no advertisements from other licensees will appear in the magazine, could ever constitute unlawful "solicitation" in violation of section 1704.304(c) of the Occupations Code.[1] You inform us that a publisher seeks to distribute in Bexar County detention facilities a magazine that contains articles of special interest to jail inmates as well as advertisements by lawyers and bail bond licensees. Request Letter at 1–2. You note that the publisher offers an option for a bail bond licensee to purchase exclusive advertising rights, thereby excluding the advertisements of any other licensee in the area. *Id.*

You inform us that the Bexar County Bail Bond Board (the "Board") is concerned that such an exclusive arrangement prejudices the ability of jail inmates to make informed decisions in the choice of a surety. *Id.* at 4. You further state that the Board wishes to know whether advertising pursuant to an exclusive arrangement may violate the anti-soliciting provisions of section 1704.304(c) of the Occupations Code. *Id.* at 2. The Board has also asked, in clarification of an attorney general opinion, whether advertising could ever constitute solicitation under the statute. *Id.* at 1–2 (citing Tex. Att'y Gen. Op. No. GA-0502 (2007)).

Section 1704.304(c) of the Occupations Code provides: "A bail bond surety or an agent of a bail bond surety may not solicit bonding business in a police station, jail, prison, detention

---

[1]*See* Letter from Honorable Susan D. Reed, Bexar Cnty. Criminal Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 2 (Mar. 28, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

facility, or other place of detainment for persons in the custody of law enforcement." TEX. OCC. CODE ANN. § 1704.304(c) (West 2012).  Central to the meaning of the statute is the word "solicit," which is not a defined term.  "Undefined terms in a statute are typically given their ordinary meaning," unless "a different or more precise definition is apparent from the term's use in the context of the statute."  *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011).

This office noted in Attorney General Opinion GA-0502 that solicitation and advertising are distinct concepts, but the opinion did not determine whether advertising could ever constitute a solicitation prohibited by 1704.304(c).  Tex. Att'y Gen. Op. No. GA-0502 (2007) at 2.[2] Indeed, when the Legislature has used the word "solicit" in statutes, the word's precise meaning varies depending on the purpose of the statute, sometimes expressly excluding or including certain forms of advertising.  *Compare* TEX. PENAL CODE ANN. §§ 38.01(11), 38.12 (West 2011) (defining "solicit employment," for purpose of barratry statutes, as certain in-person or telephonic communications; expressly excluding "advertisements . . . through public media"),[3] *with* TEX. EST. CODE ANN. § 1356.001(1) (West 2012) (providing that "'Advertise' means to solicit or induce the purchase of consumer goods or services through electronic or print media, including: (A) radio; (B) television; (C) computer; or (D) direct mail"), TEX. OCC. CODE ANN. § 402.501(15) (West 2012) (providing that a hearing instrument licensee who "solicits a service by advertising that is false or misleading" is subject to discipline), and *id.* § 952.003(4) (excluding from definition of "lawyer referral service" lawyers who jointly "advertise . . . to solicit clients for those lawyers").  Thus, to determine whether a licensee's advertisement could ever violate the anti-solicitation prohibition in section 1704.304(c), we must examine the plain language of the statute "aided by the interpretive context provided by 'the surrounding statutory landscape.'" *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 75 (Tex. 2011) (quoting *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010)).

The anti-solicitation prohibition of section 1704.304(c) of the Occupations Code appears in the context of a statutory framework authorizing a bail bond board to "supervise and regulate each phase of the bonding business in the county."  TEX. OCC. CODE ANN. § 1704.101(3) (West 2012); *see generally Pruett v. Harris Cnty. Bail Bond Bd.,* 249 S.W.3d 447, 452–53 (Tex. 2008). "Bonding business" is defined as "the *solicitation*, negotiation, or execution of a bail bond by a bail bond surety."  TEX. OCC. CODE ANN. § 1704.001(4) (West 2012).  A board is specifically authorized to regulate, within constitutional bounds, bail bond surety advertising and solicitation. *Id.* § 1704.109(a); *see also Pruett v. Harris Cnty. Bail Bond Bd.*, 499 F.3d 403, 416 (5th Cir. 2007) (declaring portions of section 1704.109 unconstitutional).  Chapter 1704 reflects a special concern about jails and other places of confinement, requiring a list of each licensed surety and

---

[2]Answering the specific question asked, the opinion concluded that "section 1704.304(c) does not prohibit a bail bond licensee's display of advertising or licensee information on a vehicle in the parking lot of a county jail." Tex. Att'y Gen. Op. No. GA-0502 (2007) at 2.

[3]*But see Bailey v. Morales*, 190 F.3d 320, 325–26 (5th Cir. 1999) (holding that an amendment to Penal Code section 38.12(a)(3) is unconstitutional as applied to chiropractors).

agent in a county to "be displayed at each location where prisoners are examined, processed, or confined." TEX. OCC. CODE ANN. § 1704.105(b) (2012). Moreover, jailers, law enforcement officers, and other public officials are prohibited from recommending a particular bail bond surety. *Id.* § 1704.304(b).

Unlike the barratry statutes, section 1704.304(c) does not expressly limit its prohibition to in-person or telephonic solicitations, nor does it create an express exception for advertisements. *See id.* Rather, section 1704.304(c) is limited to solicitations "in a police station, jail, prison, detention facility, or other place of detainment for persons in the custody of law enforcement." *Id.* § 1704.304(c). A court has observed that section 1704.304(c) does not limit prohibited solicitations to any specific mode of communication nor require a surety or agent's physical presence in the jail, provided a solicitation of business has occurred. *See Webb v. State*, No. 02-02-432-CR, 2003 WL 21666630, at *1 (Tex. App.—Fort Worth Jul. 17, 2003, pet. ref'd) (mem. op., not designated for publication). Thus, to answer your question, a court could conclude, depending on the particular facts of the case, that a bail bond licensee's exclusive advertising in a magazine that is distributed to pretrial detainees held in the county jail constitutes unlawful "solicitation" in violation of section 1704.304(c) of the Texas Occupations Code.[4] Whether any particular jailhouse advertisement constitutes an illegal solicitation is not a question we address here.

---

[4]We do not address whether the particular exhibits you have submitted may violate section 1704.304(c) of the Occupations Code, nor do we speculate about any other issues that might arise from enforcement of the prohibition.

## S U M M A R Y

A court could conclude, depending on the particular facts of the case, that a bail bond licensee's exclusive advertising in a magazine that is distributed to pretrial detainees held in the county jail constitutes unlawful "solicitation" in violation of section 1704.304(c) of the Texas Occupation Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee