# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00840-CV

**Physician Assistant Board and Margaret K. Bentley, in her Individual and Official Capacities, Appellants**

**v.**

**Jose A. Perez, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. D-1-GN-16-001332, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Physician Assistant Board and Margaret K. Bentley appeal from the trial court's final order and judgment granting their plea to the jurisdiction and denying Jose A. Perez's request for injunctive relief to the extent that the trial court denied their motion to have Perez declared a vexatious litigant. On this record, we affirm the trial court's final order and judgment.[1]

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4; *see also Perez v. Texas Med. Bd.*, No. 03-14-00644-CV, 2015 WL 8593555, at *1–2 & n.3 (Tex. App.—Austin Dec. 10, 2015, pet. denied) (mem. op.) (addressing Perez's suit for judicial review of order revoking his physician assistant license and listing prior cases brought by Perez in state and federal court).

In a separate but related appeal, this Court's cause number 03-16-00732-CV, Perez challenges the trial court's final order and judgment to the extent that the trial court granted appellants' plea to the jurisdiction and denied his request for injunctive relief. By opinion issued this same date, we affirm the trial court's final order and judgment to the extent it granted appellants' plea to the jurisdiction and denied Perez's request for injunctive relief.

## Background

Perez was a Texas licensed physician assistant until the Board revoked his license by order dated March 7, 2014 (the 2014 order). The 2014 order recites that: (i) Perez "received all notice that may be required by law and by the rules of the Board" and filed an answer but failed to appear for the contested case hearing at the State Office of Administrative Hearings; (ii) after he did not appear at the hearing, the Administrative Law Judge issued an order dismissing the case on a default basis and remanding the case to the Board for resolution through its default proceedings; and (iii) the Board found the determination of default meritorious, ordered the allegations in the complaint "deemed true," and revoked Perez's physician assistant license. Bentley signed the order as the Board's presiding officer.

In March 2016, Perez sued the Board and Bentley, in her individual and official capacities, seeking to "quash" the 2014 order and to be awarded "compensatory" and "punitive" damages based on appellants' alleged violations of the Fourth Amendment, Fourteenth Amendment, Fifth Amendment, and First Amendment of the United States Constitution; appellants' alleged violations of article I, sections 15, 16, and 17, and article XVI, section 31, of the Texas Constitution; appellants' alleged violations of section 2001.174 of the Administrative Procedure Act; and Bentley's alleged ultra vires actions. He also sought temporary and permanent injunctive relief, seeking to enjoin the 2014 order.

In response to Perez's suit, appellants filed a motion to have Perez declared a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code §§ 11.051 (authorizing defendant to file motion seeking determination that plaintiff is vexatious litigant and requiring plaintiff to furnish security),

2

.054 (stating criteria for finding plaintiff vexatious litigant). They argued that more than one of the statutory criteria were met based on the number of suits that Perez had "commenced, prosecuted, or maintained as a pro se litigant" that had been "finally determined adversely to [Perez]" in the applicable seven-year time period and Perez's repeated litigation or attempted litigation of the validity of the revocation of his physician assistant license. *See id.* § 11.054(1), (2). As support for their motion to declare Perez a vexatious litigant, appellants attached a chart of prior suits that Perez had brought acting pro se; copies of pleadings, orders, and rulings in the prior suits; and a copy of the 2014 order.

Perez filed a response to the motion, and appellants filed a reply to the response. Following a hearing, the trial court denied appellants' motion to declare Perez a vexatious litigant in its final order and judgment. This appeal followed.

## Analysis

### Criteria for Determining Vexatious Litigant and Standard of Review

Chapter 11 of the Texas Civil and Practice Remedies Code "governs vexatious litigants and provides a mechanism to address 'persons who abuse the legal system by filing numerous, frivolous lawsuits.'" *Akinwamide v. Transportation Ins. Co.*, 499 S.W.3d 511, 530 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (quoting *In re Douglas*, 333 S.W.3d 273, 282 (Tex. App.—Houston [1st Dist.] 2010, pet. denied)); *see generally* Tex. Civ. Prac. & Rem. Code §§ 11.001–.104.

"A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant" and

3

demonstrates that certain statutory criteria are met. *See* Tex. Civ. Prac. & Rem. Code § 11.054. The two statutory criteria relevant to this appeal provide as follows:

(1)     the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:

       (A)     finally determined adversely to the plaintiff; . . .

(2)     after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

       (A)     the validity of the determination against the same defendant as to whom the litigation was finally determined; or

       (B)     the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; . . . .

*Id.* § 11.054(1), (2).

We review a trial court's vexatious litigant declaration for an abuse of discretion. *Akinwamide*, 499 S.W.3d at 530; *In re Douglas*, 333 S.W.3d at 282; *see* Tex Gov't Code § 311.016(1) ("'May' creates discretionary authority or grants permission or a power."); *Leonard v. Abbott*, 171 S.W.3d 451, 458–59 (Tex. App.—Austin 2005, pet. denied) (explaining that "legislature's use of the term 'may' denotes that the court has discretion, once it has made the required statutory findings, to declare a party a vexatious litigant"). A trial court abuses its discretion if it acts arbitrarily or unreasonably and without reference to any guiding rules or principles. *In re*

*Douglas*, 333 S.W.3d at 282–83 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

**Did the trial court abuse its discretion in denying appellants' motion?**

In their sole issue, appellants argue that the trial court abused its discretion in denying their motion to declare Perez a vexatious litigant. Appellants focus on federal and state suits brought by Perez and his wife that challenged the State's regulatory scheme over physician assistants, the administrative proceeding that resulted in the revocation of his license, and the 2014 order. Appellants' evidence, however, established that Perez's prior suits were not brought against the Board or Bentley but against other defendants. *See* Tex. Civ. Prac. & Rem. Code § 11.054(2) (requiring "same defendant as to whom the litigation was finally determined"); *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010) (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008)) (explaining that courts generally "construe [statutory] text according to its plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results").

Further, even if we assume without deciding that the trial court found that appellants had shown that there was a reasonable probability that Perez would not prevail in this litigation and that he had brought "at least five litigations" that had been "finally determined adversely" to him in the applicable seven-year period, it was within the trial court's discretion to deny the motion in the context of this suit. *See Leonard*, 171 S.W.3d at 455, 458–59 (explaining that vexatious litigant statute "struck a balance between Texans' right of access to their courts and the public interest in protecting defendants from those who abuse our civil justice system" and observing that trial court

5

had discretion to deny motion even if statutory criteria were met). Perez filed this suit against the Board and Bentley shortly after this Court's decision in which we concluded that he had sued the wrong party in his suit seeking to challenge the 2014 order. *See Perez v. Texas Med. Bd.*, No. 03-14-00644-CV, 2015 WL 8593555, at *2 (Tex. App.—Austin Dec. 10, 2015, pet. denied) (mem. op.) (concluding that Texas Physician Assistant Board, not Texas Medical Board, "was the relevant state agency that Perez had to sue in order to invoke the district court's subject matter jurisdiction through APA Subchapter G").[2] On this record, we cannot conclude that the trial court abused its discretion in denying appellants' motion to declare Perez a vexatious litigant. Thus, we overrule their sole issue.[3]

---

[2] Because it is unnecessary to the disposition of this appeal, we expressly do not determine whether appellants' evidence established "at least five litigations" that had been "finally determined adversely" to Perez in the applicable seven-year period. *See* Tex. R. App. P. 47.1, 47.4; Tex. Civ. Prac. & Rem. Code §§ 11.001(2) (defining "litigation" to mean "civil action commenced, maintained, or pending in any state or federal court"), .054(1)(A); *Perez*, 2015 WL 8593555, at *2 n.3 (listing and describing Perez's prior litigation); *see also Jones v. Merkel*, No. 14-14-00216-CV, 2015 Tex. App. LEXIS 6273, at *16–20 (Tex. App.—Houston [14th Dist.] June 23, 2015, pet. denied) (mem. op.) (discussing requisite five litigations in seven-year period under section 11.054(1)); *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 699–701 (Tex. App.—El Paso 2011, no pet.) (same); *Leonard v. Abbott*, 171 S.W.3d 451, 459–60 (Tex. App.—Austin 2005, pet. denied) (discussing requisite five litigations in seven-year period under section 11.054(1) and counting trial court's judgment and appeals from judgment as one "litigation" in context of vexatious litigant determination).

[3] Because we have concluded that the trial court did not abuse its discretion when it denied appellants' motion to declare Perez a vexatious litigant, we do not address Perez's arguments, including his arguments challenging the constitutionality of the vexatious litigant statutes. *See* Tex. R. App. P. 47.1, 47.4.

## Conclusion

On this record, we affirm the trial court's final order and judgment to the extent that it denied appellants' motion to declare Perez a vexatious litigant.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Pemberton, and Goodwin

Affirmed

Filed:   October 31, 2017