# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00141-CV

---

**Dr. Kim Elliot McMorries, Appellant**

**v.**

**Texas Medical Board, Appellee**

---

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-006852, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Dr. Kim Elliot McMorries appeals from the trial court's final judgment granting the Texas Medical Board's (the "Board") motion for summary judgment, denying his motion for summary judgment and application for permanent injunction, and dismissing his claims against the Board with prejudice. For the following reasons, we affirm the trial court's final judgment.

## BACKGROUND

McMorries is a physician in Nacogdoches, Texas, who ran a fertility practice during the 1980s. As part of the fertility practice, patients seeking to conceive could consent to the use of anonymous donors as part of an artificial-insemination procedure. McMorries artificially inseminated at least two patients using his own sperm as the anonymous donor sperm,

fathering at least two children. The patients and their now-adult children only learned of that fact decades later through consumer DNA testing.

In 2019, the Texas Medical Board received two complaints against McMorries, complaining that he had used his own sperm during artificial-insemination procedures in the 1980s without informing his patients. McMorries contends that the patients consented to anonymous donors and that no specific clause or disclosure was needed for his own sperm to be included. The patients, in contrast, contended that their consent to anonymous donors did not include the physician as the donor.

In September 2019, the Board initially declined to act on the complaints, stating that the matter was "jurisdictionally not filed" because the Board "does not review complaints after 7 years of the date of service." Relevant here, the Legislature amended Section 154.051 of the Texas Occupations Code in 2011 to add the following statute of limitations for certain types of complaints:

> The board may not consider or act on a complaint involving care provided more than seven years before the date on which the complaint is received by the board unless the care was provided to a minor.

Act of June 17, 2011, 82nd Leg., R.S., ch. 1349, § 1, sec. 154.051(d), 2011 Tex. Gen. Laws 4004, 4004–05 (codified at Tex. Occ. Code § 154.051(d)).[1] However, the Board subsequently

---

[1] Section 154.051 was subsequently amended in 2021 when the Legislature added a separate statute of limitations applicable to "complaints involving an alleged violation of Section 22.011(b)(12), Penal Code." *See* Act of June 14, 2021, 87th Leg., R.S., ch. 620, § 1, sec. 154.051(d-1), 2021 Tex. Gen. Laws 1233, 1233–34 (amending Section 154.051 to add subsection (d-1) and to condition subsection (d) on new subsection (d-1)); *see also* Tex. Occ. Code. § 154.051(d-1) (providing a separate statute of limitations for "complaints involving an alleged violation of Section 22.011(b)(12), Penal Code"); Tex. Pen. Code §22.011(b)(12) (criminalizing health care services provider in performing assisted reproduction procedures from

2

pursued the complaints, relying on Section 178.9 of the Texas Administrative Code,[2] which was

adopted by the Board in 2011:

> (a) Standard of Care.
>
> > (1) The board may not consider or act on a complaint involving care provided more than seven years before the date on which the complaint is received by the board unless the care was provided to a minor. . . .
>
> > . . . .
>
> (b) Other Violations. There is no statute of limitations for the filing of complaints in relation to any other violation including action by another state licensing entity or criminal conduct.

22 Tex. Admin. Code § 178.9 (Texas Med. Bd., Statute of Limitations) (the "Board Rule" or

"Rule 178.9").[3] The Board ultimately pursued the matter through an internal informal settlement

conference/show compliance proceeding, one of the final steps before a contested case at the

State Office of Administrative Hearings (SOAH).

---

using human reproductive material from a donor that the patient has not expressly consented to). That amendment did not make any substantive change to the statute of limitations language at issue in the present appeal (except for adding a cross-reference to subsection (d-1)). For purposes of this appeal, any reference to Section 154.051(d) concerns the pre-2021 version of the statute unless otherwise noted.

[2] Rule citations are to the rules in effect as of 2019, when the complaints at issue were filed. All citations to Title 22 of the Texas Administrative Code are to rules promulgated by the Texas Medical Board.

[3] Board Rule 178.9 also includes a minor-specific limitation-related rule, which is not applicable to this appeal. 22 Tex. Admin. Code § 178.9(a)(1).

Before any contested case proceeded before SOAH, McMorries filed a petition in the district court seeking a declaratory judgment pursuant to Section 2001.038 of the Texas Government Code. He challenged the validity of Rule 178.9, alleging that the Board Rule was inconsistent with Section 154.051(d) of the Texas Occupations Code by excepting "Other Violations" from the seven-year statute of limitations. The parties entered into a Rule 11 agreement stipulating that the declaratory judgment challenge raised a pure question of law about the comparison between Rule 178.9 and Section 154.051(d) of the Texas Occupations Code, and the parties agreed to forgo discovery and undertake an accelerated briefing schedule on cross-motions for summary judgment.

The trial court heard the competing summary judgment motions on March 24, 2021. Thereafter, the trial signed its final judgment, granting the Board's motion for summary judgment and denying McMorries's competing motion. McMorries timely appealed.

## STANDARD OF REVIEW

We review de novo the grant or denial of summary judgment. *Nassar v. Liberty Mut. Ins.*, 508 S.W.3d 254, 257 (Tex. 2017). "On cross-motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law." *City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 259 (Tex. 2018). "When the trial court grants one motion and denies the other, the reviewing court must determine all questions presented and render the judgment that the trial court should have rendered." *Id.*

We also review de novo issues of statutory interpretation. *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). "Our goal when construing a statute is to determine and give effect to the [L]egislature's intent." *Bailey v. Smith*, 581 S.W.3d 374, 389 (Tex. App.—Austin

4

2019, pet. denied). We rely on the plain meaning of the statutory text to determine legislative intent but still "consider the context and framework of the entire statute and meld its words into a cohesive reflection of legislative intent." *Id.* (quoting *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018)). "Further, we construe statutory language against the backdrop of common law, assuming the Legislature is familiar with common-law traditions and principles." *Marino v. Lenoir*, 526 S.W.3d 403, 409 (Tex. 2017).

## DISCUSSION

McMorries contends that Rule 178.9 is invalid because it exempts a category of violations—any complaint falling under "Other Violations"—from the seven-year statute of limitations contained in Section 154.051(d). The Board counters that Rule 178.9 is a permissible exercise of the Board's rulemaking authority because the "Other Violations" category is consistent with the Board's authority under the relevant statutory provision. We agree with the Board.

The Board, as a state administrative agency, "has only those powers that the Texas Legislature has expressly conferred upon it and those implied powers that are reasonably necessary to carry out its statutory duties." *Texas State Bd. of Exam'rs of Marriage & Fam. Therapists v. Texas Med. Ass'n*, 511 S.W.3d 28, 33 (Tex. 2017). Accordingly, the Board may only adopt "such rules as are authorized by and consistent with its statutory authority." *Id.* (quoting *Railroad Comm'n of Tex. v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992)). "Courts generally presume that agency rules are valid, so parties who challenge a rule have the burden of proving its invalidity." *Id.*; *see also* Tex. Gov't Code § 2001.038(a) (authorizing declaratory judgment actions challenging the "validity or applicability of a rule"). McMorries

5

therefore must demonstrate the invalidity of Rule 178.9 by showing the rule "(1) contravenes specific statutory language; (2) runs counter to the general objectives of the statute; or (3) imposes additional burdens, conditions, or restrictions in excess of or inconsistent with the relevant statutory provisions." *Texas State Bd. of Exam'rs of Marriage & Fam. Therapists*, 511 S.W.3d at 33.

Relevant to our purposes here, the statute of limitations provides:

> The board may not consider or act on a complaint involving care provided more than seven years before the date on which the complaint is received by the board unless the care was provided to a minor.

Tex. Occ. Code § 154.051(d). The Board adopted identical language under the heading of "Standard of Care" in subsection (a)(1) of Rule 178.9:

> The board may not consider or act on a complaint involving care provided more than seven years before the date on which the complaint is received by the board unless the care was provided to a minor.

22 Tex. Admin. Code § 178.9(a)(1). Identical language, without more, can neither contravene, run counter, nor otherwise impose "additional" burdens. *See Texas State Bd. of Exam'rs of Marriage & Fam. Therapists*, 511 S.W.3d at 33. McMorries therefore does not, and cannot, demonstrate that this portion of the rule, standing alone, is inconsistent with the Section 154.051(d).

Rather, McMorries contends that the addition of the "Other Violations" subsection to Rule 178.9 makes the rule inconsistent with Section 154.051(d). We consider Rule 178.9 as a whole, analyzing the rule's language and its apparent meaning within its context. *See*

*Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014); *see also TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 438–39 (Tex. 2011) ("We further interpret administrative rules, like statutes, under traditional principles of statutory construction."). The Other Violations clause provides:

> (b) Other Violations. There is no statute of limitations for the filing of ***complaints in relation to any other violation*** including action by another state licensing entity or criminal conduct.

22 Tex. Admin. Code § 178.9(b) (emphasis added). Although the Other Violations provision is limited to "complaints in relation to any other violation," the Rule does not define what constitutes "other" violations. We therefore give that term its ordinary meaning. *See TGS-NOPEC*, 340 S.W.3d at 439 (explaining that "[u]ndefined terms in a statute are typically given their ordinary meaning").

The Oxford English Dictionary defines "other" as "[t]hat one of two which remains after one is taken, defined, or specified; the remaining (person, thing, or group) of two." *Other*, Compact Oxford English Dictionary 1231 (2d ed. 1987). Webster's Dictionary similarly defines "other" as "being the one (as of two or more) left[;] not being the one (as of two or more) first mentioned or of primary concern." *Other*, Webster's Third International Dictionary 1598 (2002); *see also Other*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/other#legalDictionary (defining "other" as "being the one (as of two or more) remaining or not included" or "being the one or ones distinct from that or those first mentioned or implied") (last visited January 13, 2023).[4]

---

[4] "Any" is defined as "one or some of whatever kind or sort." *Any*, Webster's Third International Dictionary 97 (2002); *see also* Merriam-Webster Dictionary, https://www.merriam-

7

When considered as a whole with the rest of Rule 178.9, "any other" violations clearly signals that Subsection (b) of Rule 178.9 only applies to complaints that are "remaining" because they are "distinct" or "not included" within the specific category of complaints covered by the statute of limitations: "complaints involving care provided." *See Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist*., 624 S.W.3d 535, 547–48 & n.11 (Tex. 2021) (explaining that "other" means an additional type of the same category only when part of list and following a conjunctive "and"); *see also id.* at 557 & n.28 (Tex. 2021) (Guzman, J., dissenting) ("In this way, the context makes clear that 'other' means 'different' and 'not the same' as the preceding two exemption categories."). Rule 178.9 thus unambiguously delineates between two categories of complaints: (1) complaints "involving care provided," which are governed by the seven-year statute of limitations, and (2) complaints involving "any other violation," which are exempted from the limitation. *See Bailey*, 581 S.W.3d at 389 (explaining that we "consider the context and framework of the entire statute and meld its words into a cohesive reflection of legislative intent" (quoting *Cadena Comercial USA Corp. v. Texas Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 326 (Tex. 2017)).

Adopting a rule that makes explicit an implicit distinction contained within the relevant statutory provision is consistent with the Board's authority. *See Texas State Bd. of Exam'rs of Marriage & Fam. Therapists*, 511 S.W.3d at 33 (quoting *Lone Star Gas*, 844 S.W.2d at 685); *see also Texas Dep't of Human Servs. v. Christian Care Ctrs., Inc*., 826 S.W.2d 715, 719 (Tex. App.—Austin 1992, writ denied) ("Lack of express authority for a particular act of an agency does not mean the agency has no authority for that act."). Section 154.051(d) does not

webster.com/dictionary/any (defining "any" as "one or some indiscriminately of whatever kind" and may be "used to indicate one selected without restriction") (last visited January 13, 2023).

8

apply the seven-year statute of limitation to every complaint filed with the Board, but only to "complaint[s] involving care provided." *See* Tex. Occ. Code § 154.051(d); *see also Pruett v. Harris Cty. Bail Bond Bd.*, 249 S.W.3d 447, 452 (Tex. 2008) (explaining that agency rules must be authorized by and consistent with statutory authority). That is, by expressly applying the statute of limitations to complaints "involving care provided," the limitations period also unambiguously does not apply to complaints not involving care provided. *See Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010) (explaining that unambiguous statute is determinative of legislative intent); *Anderson-Clayton Bros. Funeral Home, Inc. v. Strayhorn*, 149 S.W.3d 166, 173 (Tex. App.—Austin 2004, pet. denied) ("We are to presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect."). All the Board has done by including the "Other Violations" provision in Rule 178.9 is to expressly describe the implicit distinction made in Section 154.051(d) between the categories of complaints.

McMorries alternatively argues that the Board has interpreted the "complaint involving care provided" category as not including the complaints against him (he argues those complaints are about informed consent and thus involve "care provided") and therefore the Board's interpretation makes Rule 178.9 invalid. *See* 22 Tex. Admin. Code § 178.9(a)(1); *see also* Tex. Occ. Code § 154.051(d). This argument, however, is irrelevant in the context of a declaratory judgment action challenging an agency rule. McMorries's argument concedes that Rule 178.9 is applicable to the complaints at issue here. That is, McMorries believes that the limitations-related rule contained within Rule 178.9 should apply to prohibit the Board from acting on the complaints against him. There is therefore no dispute regarding the "applicability"

9

of Rule 178.9. *See* Tex. Gov't Code § 2001.038(a) (authorizing declaratory judgment actions challenging "validity or applicability of a rule").

Rather, McMorries and the Board merely disagree about *how* Rule 178.9 applies to the complaints at issue here (i.e., whether the complaints "involve care provided" or constitute "other violations").[5] But the question of *how* the Rule should apply is beyond the jurisdiction of the trial court in a declaratory judgment action challenging an agency rule. *See LMV-AL Ventures, LLC v. Texas Dep't of Aging & Disability Servs.*, 520 S.W.3d 113, 124–25 (Tex. App.—Austin 2017, pet. denied) (explaining that trial court does not have jurisdiction under Section 2001.038 to "determine whether the agency complied with the rule" or "how the rule should be applied"). That question may be relevant to the potential separate SOAH proceeding between the parties, but it does not implicate the validity of Rule 178.9 for purposes of the present declaratory judgment action.[6] *See id.* at 125.

McMorries therefore has failed to overcome the presumption that Rule 178.9 is valid. *See Texas State Bd. of Exam'rs of Marriage & Family Therapists*, 511 S.W.3d at 33; *see also* Tex. Gov't Code § 2001.038(a). Accordingly, we conclude that the trial court did not err when it granted summary judgment to the Board in the Board's favor, denied McMorries's motion, and dismissed McMorries's declaratory judgment action.

---

[5] McMorries's arguments relying on the subsequent 2021 amendments to Section 154.051(d) of the Texas Occupations Code similarly concern *how* the pre-2019 statute of limitations should apply to the complaints against him while still implicitly conceding that they do apply. *See* Tex. Occ. Code. § 154.051(d-1) (providing separate statute of limitations for "complaints involving an alleged violation of Section 22.011(b)(12), Penal Code").

[6] We therefore do not address whether the particular complaints against McMorries qualify as complaints "involving care provided" for purposes of the statute of limitation under Rule 178.9.

**CONCLUSION**

For these reasons, we affirm the trial court's final judgment.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed

Filed:   February 16, 2023