

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00089-CV

---

JUSTINA BODINE, APPELLANT

V.

CITY OF VERNON, ET AL., APPELLEES

---

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 29,860, Honorable Cornell Curtis, Presiding

---

August 20, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant Justina Bodine appeals the trial court's order denying her petition for bill of review challenging the judgment in an underlying delinquent tax lawsuit. We affirm.

## BACKGROUND

In January of 2022, the City of Vernon, Wilbarger County, Vernon Independent School District, Vernon College, and Wilbarger County Hospital, Appellees, filed suit to recover delinquent ad valorem taxes assessed against the property located at 2400 Olive

Street in Vernon.  The suit named as defendants Frances Carr ("Carr"), who was the record owner of the property, and Thelma Palmer and Daveeda Carr ("Daveeda"), who were identified as heirs at law of Carr.[1]  It also named "the unknown owner or unknown owners and any and all other persons, unknown, including adverse claimants, owning, having[,] or claiming any legal or equitable interest in or lien upon the real property . . . who were duly served with process by means of citation by posting/publication."  The trial court entered a judgment in favor of Appellees the following January.  In April of 2023, the property was sold at a sheriff's sale.

In June of 2023, Bodine filed a petition for bill of review seeking to vacate the judgment in the tax foreclosure suit.  Bodine alleged that Appellees' judgment was wrongfully obtained because she was not named as a defendant to the suit or served with citation.  According to Bodine, she had an interest in the property at issue because she had entered into an executory contract with Danny Allgood, Carr's brother, to purchase the property.  She further maintained that a City of Vernon employee and the City's legal counsel knew that she had an "ownership claim" but nonetheless deliberately excluded her from the proceedings.

Appellees filed a plea to the jurisdiction and motion to dismiss in November of 2023 asserting that Bodine lacked standing to bring the petition for bill of review.  The trial court agreed, granted the motion, and entered a final judgment dismissing Bodine's action.

---

[1] Carr's date of death is not apparent from the record.  Counsel for Appellees asserted that Carr died intestate, survived by her daughter, Daveeda.  Palmer is Carr's sister.

## ANALYSIS

In her sole issue on appeal, Bodine asserts that the trial court erred in granting the taxing units' plea to the jurisdiction and motion to dismiss. She maintains that the lack of notice to her violated her due process rights and the requirements of Rule 117a of the Texas Rules of Civil Procedure, which governs citations in suits for delinquent ad valorem taxes.

We review the trial court's ruling on the plea to the jurisdiction de novo. *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010). In applying a de novo standard of review to a determination of standing, we "construe the pleadings in the plaintiff's favor, but we also consider relevant evidence offered by the parties." *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018).

Standing is a component of subject matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit. *Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020); *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). If a plaintiff lacks standing to assert a claim, the trial court lacks jurisdiction over that claim and must dismiss it. *Heckman*, 369 S.W.3d at 150. A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).

"To have standing to pursue a bill of review, a person generally must have been a party to the prior judgment or have had a then-existing interest or right that was prejudiced by the prior judgment." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010). Bodine alleged that she had a then-existing interest or right that was prejudiced by the

3

tax foreclosure suit. In support of her claim, Bodine pleaded that she entered into a contract to purchase the property at 2400 Olive Street with Danny Allgood. Bodine asserted that Allgood had told her that "Frances Carr's only daughter had given all of her inherited interest to Danny and thus he was the sole owner with all right to sell [Bodine] the property." Appellees challenged Bodine's assertion that Allgood had an interest in the property to convey to Bodine.

The trial court held a hearing on Appellees' plea to the jurisdiction and motion to dismiss in November of 2023. Bodine testified that Allgood represented to her that he owned the property outright, that she had paid him for it, and that she occupied or had tenants at the property since May of 2019. Bodine further averred that she had interactions with employees of the City of Vernon that made the City aware of her claim of ownership. Appellees offered into evidence a certified copy of the 2016 deed by which Carr acquired the property. Counsel for Appellees asserted that, prior to the sheriff's sale at issue, this deed was the last conveyance of the property.

The evidence before the trial court indicated that Carr had title to the property at the time of her death. There was no evidence of any probate proceedings or affidavit of heirship following Carr's death. Nor was there evidence of any conveyance, deed, or other instrument, recorded or otherwise, transferring title to the property at any point before the sheriff's sale in April of 2023. Consequently, there was no evidence that Allgood acquired any interest in the property from Carr or from her estate.

Bodine's claim of an interest in the property was predicated on her agreement with Allgood. Allgood could not convey to Bodine a greater interest than what he possessed.

4

*Centerpoint Energy Houston Elec., L.L.P. v. Old TJC Co.*, 177 S.W.3d 425, 432 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (party cannot convey to another greater interest in property than it possesses).  In the absence of evidence that Allgood had an interest in the property, there is no basis to conclude that his agreement with Bodine conferred any interest in the property to her.[2]  Therefore, Bodine failed to establish that she had an interest or right in the property that was prejudiced by the prior judgment. *Frost Nat'l Bank*, 315 S.W.3d at 502 (reciting requirements for standing to pursue bill of review).

Bodine argues that this case involves a denial of due process and thus, "principles of equity, estoppel, and fundamental fairness should serve as a bar to the taxing units [sic] claim of lack of standing."  However, "[i]t is not a denial of due process to deny a party without standing the opportunity to be heard." *R.R. Comm'n of Tex. v. Apache Corp.*, No. 07-22-00014-CV, 2023 Tex. App. LEXIS 1052, at *10 (Tex. App.—Amarillo Feb. 21, 2023, pet. dism'd) (mem. op.).  Because Bodine did not establish that she had an interest in the property that was affected by the sale, she failed to establish that she has standing to maintain a suit challenging the sale.

Finally, Bodine asserts that, even if Allgood did not acquire an interest in the property, Bodine was entitled to personal service under Texas Rule of Civil Procedure 117a, which governs the issuance of citation in suits for the collection of delinquent taxes. *See* TEX. R. CIV. P. 117a.  Bodine contends that the City and its attorney knew she was a

---

[2] Bodine asserts that Appellees offered no evidence to show that Allgood was not Carr's heir. However, it was Bodine's burden to establish standing.  *Town of Shady Shores*, 590 S.W.3d at 550.

"claimant" and thus should have effected personal service on her. Rule 117a requires personal service on property owners and allows service by publication on other defendants. *See id.* As set forth above, Bodine has not established that she has an ownership interest in the property. As a non-owner, Bodine was not entitled to personal service under Rule 117a.

Accordingly, we overrule Bodine's sole issue on appeal.

## CONCLUSION

We conclude that Bodine failed to establish standing to invoke the trial court's jurisdiction. We therefore affirm the judgment of the trial court.


Judy C. Parker
Justice